(75 South. 840)

No. 22356.

BANK OF NAPOLEONVILLE v. DELAUNE.

(May 14, 1917.   Rehearing Denied June 30, 1917.)

*(Syllabus by the Court.)*

1. HOMESTEAD ⊕⇒78—EXEMPTION—RIGHT OF HOLDER.

When a homestead, containing more than 160 acres of land and worth more than $2,000, and therefore not exempt from seizure and sale for any debt, is seized to satisfy a debt secured by the vendor's lien and is sold at a price $2,000 more than the debt secured by the vendor's lien, there is no authority in law for apportioning the excess of $2,000 of the proceeds of the sale so as to give the owner, in lieu of the homestead exemption, only the amount which bears the same proportion to $2,000 that 160 bears to the number of acres of land sold, and give an ordinary mortgage creditor the balance of the $2,000.

· [Ed. Note.—For other cases, see Homestead, Cent. Dig. § 110.]

2. HOMESTEAD ⊕⇒78—EXEMPTIONS—CONSTITUTIONAL PROVISIONS.

The provisions of the Constitution relating to the homestead exemption do not declare or define the homestead to be a tract of land, not exceeding 160 acres in area, on which the owner resides.  The provisions are that the homestead shall be exempt from seizure and sale (except for any of the five classes of debts enumerated), provided the area of the land does not exceed 160 acres, and provided, also, that the value of the property does not exceed $2,000; and that, if the homestead, regardless of its area, exceeds $2,000 in value, it is not exempt from seizure, but, in that case, the owner, in lieu of the homestead exemption, is entitled to $2,000 of the proceeds of a forced sale of the homestead, in preference to the claim of any creditor, excepting the five classes of claims enumerated.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 110.]

3. HOMESTEAD ⊕⇒200 — EXEMPTIONS — APPRAISEMENT.

When a homestead exceeding 160 acres of land, of which 160 acres with the residence on it is worth more than $2,000, has been seized and sold without a segregation or separate appraisement of 160 acres of the land with the residence on it, and it is admitted by the creditor who contests the right of the owner of the homestead to receive $2,000 of the proceeds of the sale in lieu of the homestead exemption, that 160 acres of the land with the residence on it contributed more than $2,000 of the proceeds of the sale in the hands of the sheriff, it cannot be held that the beneficiary of the homestead forfeited his right to the $2,000 by failing to demand a separate appraisement of 160 acres of the land with the residence on it.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 372–377.]

Appeal from Twenty-Seventh Judicial District Court, Parish of Assumption;  W. E. Howell, Judge.

Action by the Bank of Napoleonville against Alcee F. Delaune, who filed a petition in third opposition.  From the judgment, defendant and third opponent appeal.  Annulled.

Gilbert & Simmons, of Napoleonville, for Alcee F. Delaune, defendant and appellant in third opposition.  Charles T. Wortham, of Napoleonville, for Alcee F. Delaune, opponent appellant.  Guion, Lambremont & Guion, for plaintiff appellee.

Statement of the Case.

O'NIELL, J.   The plaintiff instituted executory proceedings against the defendant on five promissory notes for $1,000 each, secured by mortgage and vendor's lien on Madewood plantation, having an area of 2,734 acres.   The plaintiff then held and owned seven other notes for $1,000 each, and five others for $4,800 each; all 12 notes being secured by the same mortgage and vendor's lien.   The plaintiff also held and owned a note for $7,616.05, secured by a second mortgage, and a note for $5,000, secured by a third mortgage, on Madewood plantation.

The plantation having been seized and advertised for sale, the defendant filed a peti-

tion, alleging that the place was occupied by him and his wife as their residence and homestead, that neither of them owned any other property, that she was dependent upon him for support, and that he was therefore entitled to be paid $2,000 out of any excess of the proceeds of the sale about to be made, after payment of the debt secured by the vendor's lien. He prayed that the sheriff be ordered to retain in his hands $2,000 of the excess of the proceeds of the sale above the debt secured by the vendor's lien; that the sheriff and the plaintiff in the executory proceedings be cited and served with copies of his petition; and that, after due proceedings, he have judgment recognizing the homestead exemption accorded him by article 244 of the Constitution, and ordering the sheriff to pay him the $2,000. The sheriff was ordered to retain the $2,000 until the further orders of the court, if the proceeds of the sale should amount to $2,000 more than the debt secured by the vendor's lien. The plantation was sold by the sheriff at public auction under the writ of seizure and sale, without appraisement, for $46,084.10. The total amount of the debt secured by the vendor's lien in favor of the Bank of Napoleonville, on the day of sale, including interest and attorney's fees, amounted to $40,916.36. The bank had also paid taxes on the property, and had become subrogated to the debt and tax lien in favor of the state, amounting to $961.54. The sheriff's commission and other costs of court in the executory proceedings amounted to $2,206.20. Hence the total indebtedness against which the homestead exemption could not prevail, according to article 245 of the Constitution, amounted to $44.084.10. In other words, the price for which the property was sold by the sheriff amounted to exactly $2,000 more than the total sum of the debts against which the homestead exemption could not have prevailed.

The bank was not required to, and did not, plead to the petition of opposition claiming the homestead exemption until the sheriff had sold the plantation. The bank then filed an exception of no cause of action, and, with reservation of that plea, answered the petition of the homestead claimant and alleged that he had, by allowing his residence and the 160 acres of land on which it stood to be sold with the entire plantation and without a separate appraisement of the residence and 160 acres of land, lost whatever homestead exemption he might have had before the sale. The bank therefore claimed that the surplus of $2,000 held by the sheriff should be paid to the bank in part satisfaction of the indebtedness secured by the special mortgages in favor of the bank.

It was and is admitted that the plaintiff and his wife had their residence on the Madewood plantation, that neither of them owned any other property, that she was dependent upon him for support, and that therefore he was and is entitled to the homestead exemption unless the same was lost or forfeited by his failure to demand, before the sale, that 160 acres of the land on which the residence is situated be segregated, and appraised separately from the remaining part of the plantation.

Madewood plantation is described as having a front of about 16¾ arpents (about 15 linear acres) on Bayou Lafourche. It was proven on the trial, and it is not contradicted or disputed, that the residence (which is situated on the front of the plantation), together with 160 acres of the land extending beside and to the rear of it, was worth, when the plantation was sold by the sheriff, more than $10,000. It is contended, in the brief filed on behalf of the bank, that, as the entire plantation, containing 2,734 acres, was sold for $46,084.10, or at the rate of $16.855 per acre, it must be presumed that the residence and 160 acres of land on which it is situated was sold at the same

rate per acre, that is, for $2,696.80. By the same process of reasoning, it is contended on behalf of the bank that the defendant, Delaune, is entitled to receive of the $2,000 held by the sheriff a sum that will bear the same proportion to $2,000 that 160 acres bears to 2,734 acres, that is, approximately $117. In other words, the learned counsel for the bank contend that, as the obligations amounting to $44,084.10, against which the homestead exemption could not prevail, had to be paid with the proceeds of the sale of 2,734 acres of land, each acre had to contribute $16.124, and that therefore the 160 acres on which the defendant's residence is situated had to contribute 160 times $16.124, or $2,579.84. Deducting that sum from $2,696.80, the sum for which the residence and 160 acres of land is supposed to have sold, the learned counsel for the bank contend that the defendant is only entitled to the difference, $116.96. The district judge took that view of the matter and rendered judgment ordering that $116.96 of the $2,000 held by the sheriff be paid to the defendant, Delaune, and that the balance of the $2,000 be paid to the bank in part satisfaction of the debt secured by the conventional mortgages. The defendant, Delaune, has appealed.

### Opinion.

[1] There is no authority in law for apportioning the $2,000 as is proposed in the judgment of the district court. If the defendant has, by his failure to segregate and have separately appraised 160 acres of land with his residence on it, forfeited his right to the $2,000, he is not entitled to any part of it. If he has not forfeited his right to the $2,000, he is entitled to all of it.

[2, 3] Article 244 of the Constitution declares that the homestead, not exceeding 160 acres of land, and not exceeding $2,000 in value, shall be exempt from seizure and sale, except to satisfy any of the five classes of debts enumerated in article 245 of the Constitution. Among the five exceptions enumerated in that article is a debt for the purchase price or any part of the price of the homestead, and a debt for taxes assessed upon the homestead. The concluding paragraph of article 245 repeats that, except for any of the debts enumerated in the five classes, no court or ministerial officer of this state shall ever have jurisdiction or authority to enforce any judgment, execution, or decree against the property exempted as a homestead, provided the same shall not exceed in value $2,000. The second paragraph of article 244 of the Constitution provides that, in case the homestead exceeds $2,000 in value, the beneficiary shall be entitled to that amount if a sale of the homestead under any legal process realizes more than that sum. The Constitution does not declare or define the homestead to be a tract of land, not exceeding 160 acres in area, on which the owner resides. In plain and simple language, it declares that the homestead shall be exempt from seizure and sale, provided the area of the land does not exceed 160 acres, and the value of the property does not exceed $2,000. In equally plain and simple language, it provides that, if the homestead, regardless of its area, exceeds $2,000 in value, it is not exempt from seizure; and that, if it be therefore seized and be sold for an amount exceeding $2,000, the owner or beneficiary is entitled to $2,000 of the proceeds of the sale.

The learned judge of the district court, in his reasons for judgment, concedes that the defendant was not entitled to have 160 acres of the land, with the residence on it, segregated and offered for sale separately, because 160 acres of the land, with the residence on it, was worth more than $2,000, and was therefore not exempt from seizure and sale. The learned judge was of the opinion, however, that the defendant should have de-

manded a separate appraisement of 160 acres of land with the residence on it, in order to determine, after the sale, what amount that property contributed to or augmented the price at which the plantation was sold by the sheriff. That might have been a safe precaution on the part of the defendant if there had been any doubt that 160 acres of land with the residence on it was worth more than $2,000. But we are not called upon to decide in this case whether that was a necessary precaution, in view of the uncontradicted evidence and proof that 160 acres of the land with the residence on it was worth more than $10,000, and the admission of the counsel for the mortgage creditor that 160 acres of the land with the residence on it contributed to or augmented the price realized by the sheriff's sale more than $2,000. The decision in St. Mary Bank & Trust Co. v. Daigle, 128 La. 758, 55 South. 345, does not sustain the argument that the debtor should have demanded a segregation and separate appraisement of 160 acres of land with his residence on it in order to determine the extent to which it would contribute to or augment the price to be realized at the sheriff's sale. In that case, the debtor selected and segregated, from his plantation containing 560 acres, a tract containing 160 acres with his residence on it, and demanded that it be offered for sale separately by the sheriff, in order to avail the debtor of his primary right to have it withheld from sale if it proved to be worth not more than $2,000, and to preserve at the same time his alternative right to the $2,000 if it should prove to be worth more than that sum and be therefore not exempt from sale. It is sufficient to say that the doctrine announced in that case has no application whatever to the one before us, where the debtor, conceding that his residence and 160 acres on which it is situated was worth more than $2,000, and was therefore not exempt from seizure and sale, was content to avail himself of his alternative right to $2,000 of the proceeds of the sale.

It does not appear to have been contemplated, in the provisions of the Constitution exempting homesteads from seizure and sale, that a debtor might be required to carve out and segregate from a larger tract of land 160 acres with his residence on it. The supposition apparently was and is that the debtor would prefer $2,000 in money to a homestead worth less than that sum. In other words, if the debtor should prefer to carve out and segregate a tract of 160 acres or less, with his residence on it, and claim the exemption in kind, he would have to take a tract of land so small that it would be worth not more than $2,000, otherwise he would accomplish nothing by the segregation.

It was not held to have been necessary, in Glenn v. Bresnan, 123 La. 1014, 49 South. 690, nor in Abbott v. Heald, 128 La. 718, 55 South. 28 (in both of which cases the area of the homestead exceeded 160 acres), that the debtor should have demanded a separate appraisement of 160 acres of land with his residence on it, to preserve his right to $2,000 of the proceeds of the sheriff's sale of the entire homestead.

The judgment rendered in this case seems to rest upon an erroneous application of the doctrine of the marshaling of assets and securities. We are not aware of any case in which that doctrine has been applied by this court to the prejudice of a homestead exemption. There is no reason nor authority for invoking the doctrine of marshaling of assets and securities, or for applying any other rule of equity, to determine whether a debtor whose homestead has been seized and sold for more than $2,000 is entitled to that amount of the proceeds of the sale, in the light, or instead, of the plain and positive provisions of the Constitution on that subject. The doctrine of marshaling assets and securities, however, has been applied

to cases involving the question of homestead exemption, in other jurisdictions, where there was no statute on that subject or doctrine. The Supreme Court of California, in Nolan v. Nolan, 155 Cal. 477, 101 Pac. 520, 132 Am. St. Rep. 99, 17 Ann. Cas. 1057, applied the doctrine of marshaling assets in a case involving the question of homestead exemption, thus:

"A debtor who has mortgaged an existing homestead will be heard, upon a marshaling of securities, to insist that recourse shall be had last to the homestead property; and a lien-holder, whose security affects the homestead with other land, will, at the instance of the debtor, be compelled to resort first to the other lands, even though, by so doing the security of still other creditors upon such other lands is impaired or destroyed."

In the note at the end of the decision, from the syllabus of which the above quotation is taken, 17 Ann. Cas. 1061, under the heading Marshaling Assets in Respect to Homestead Lands as between Creditors—in the Absence of Statute—this is said:

"While the authorities upon the question are not entirely harmonious, it is held in most jurisdictions that the equitable doctrine of marshaling assets—whereby a creditor having a claim against a single fund is entitled to compel another creditor having a claim against such fund and also against other property of the common debtor to exhaust the latter fund before resorting to the doubly charged property for the satisfaction of his claim—will not be applied to the prejudice of a claim of homestead. Accordingly, in such jurisdictions, a creditor having a claim enforceable against a homestead and also against other property cannot be compelled by another creditor having a claim only against the latter property to resort first to the homestead for payment and thus leave the other property, so far as not needed to supply a deficiency, subject to the less favored creditor's claim; and this is true, although the result is to secure payment to the creditor having a claim against the homestead to the exclusion of the other creditors."

The provisions of our Constitution on the subject of the homestead exemption are not opposed to the equitable doctrine of marshaling assets, as expressed in the opinions quoted above. On the contrary, if we apply that doctrine here, the situation is this: There are two debts due by Delaune to the bank. One of the debts had to be paid in preference or to the prejudice of Delaune's right to receive $2,000 of the proceeds of the sale of his homestead. The other debt was subordinate to Delaune's right to receive the $2,000. The homestead, being of such area and value that it was not exempt from seizure and sale for any debt, was seized and sold by the sheriff for an amount sufficient to pay the first or preferred debt due to the bank and to pay the $2,000 claimed by Delaune. Of the proceeds of the sale of the entire plantation, 160 acres with the residence on it contributed more than $2,000. The question then is, Shall that surplus of $2,000, after paying the preferred claim of the bank, be regarded as part of the proceeds of the sale of the 160 acres of land with the residence on it, or as part of the proceeds of the sale of the other part of the plantation? The answer is that the debtor was not entitled to an exemption from seizure and sale of 160 acres of the land with his residence on it, because its value exceeded $2,000. All that he was entitled to is $2,000 of the proceeds of the sale of his homestead, regardless of its area, to the prejudice of the bank's second or inferior mortgage claim. The fact that the homestead contained more than 160 acres of land is of no importance, because 160 acres with the residence on it was worth more than $2,000, and was not exempt from seizure and sale.

The judgment appealed from is annulled, and it is now ordered, adjudged, and decreed that the defendant or opponent, Alcee F. Delaune, be paid by the sheriff the $2,000 retained by him under the orders of the district court; and that the plaintiff, Bank of Napoleonville, pay the costs of this opposition in both courts.

SOMMERVILLE, J., takes no part.