SIMON F. WILLIAMS, et al., *Appellants,* VS. CASPER
HOWARTH, *Appellee.*
136 So. 345.
Division A.
Opinion filed August 4, 1931.

*Axtell & Rinehart* and *Newcomb Barrs,* of Jacksonville, for Appellants;

No appearance for Appellee.

PER CURIAM.—This is an appeal from a final decree of foreclosure. The foreclosure was of a mortgage which pledged the undivided interest of Simon F. Williams in and to certain described lots in Riverside Annex in

Duval County, and the undivided interest of Simon F. Williams in and to certain described lots in Atlantic Beach, Duval County, and also pledged certain described lands in Clay County.

The bill of complaint does not allege the quantity of the undivided interest of Simon F. Williams in and to the lots in Riverside Annex, nor the quantity of the undivided interest of the said Williams in and to the property in Atlantic Beach. The record discloses no evidence of the quantity of the undivided interest in either parcel of land.

The Court in its decree found and adjudged the interest of Williams to be an undivided one-third (1/3) interest in the Atlantic Beach property and an undivided one-sixth (1/6) in and to the Riverside Annex property. We find no basis for this decree.

The bill alleges default in the payment of taxes but does not allege the amount of taxes due, nor does it allege any amount of taxes which have been paid by the complainant. Without finding the amount of taxes due the final decree provided as follows:

"That out of the proceeds of the sale of any of the property hereinbefore described, the said Special Master shall pay the following charges and sums as herein decreed:

COB 97 PAGE 343

FIRST: All unpaid taxes on such of the above described premises as may be sold, and all sums necessary to redeem said property from tax sales; or in the event that Complainants shall have paid said taxes or any of them, repay said sums to the Complainant together with interest on such amount at the rate of eight per cent (8%) per annum from the date of such payment to the date of the sale of said premises."

Without either allegation or proof as to the amount of taxes lawfully due and required to be paid, this provision of the decree appears to be unsupported and it leaves the amount required to be paid by the Master

under this provision entirely to the Master's judgment and discretion to be based on information which may be acquired apparently in any manner by the Master.

We think this provision of the decree is not warranted by pleading and proof.

For the reasons stated, the decree should be reversed with directions that the chancellor may allow pleadings amended and take further testimony in regard to the matters herein mentioned and thereupon enter such decree in the premises as facts proven may warrant. It is so ordered.

Reversed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.