J. H. KIRKLANDS et als., *Plaintiffs in Error,* vs. TOWN OF BRADLEY, a Municipal Corporation, organized and existing under the laws of the State of Florida, *Defendant in Error.*

139 So. 144.
Division A.
Opinion filed March 2, 1932.

*O. Edgar Williams,* for Plaintiffs in Error;

*Peterson, Carver & Langston,* for Defendants in Error.

BUFORD, C.J.—This was a statutory proceeding to exclude from the corporate limits and jurisdiction certain lands of the petitioners from a municipal corporation containing less, as it is alleged in the petition, than 150 qualified electors under the provisions of section 1916 et seq. R. G. S., 3049 C. G. L. et seq.

A demurrer was filed and sustained to the petition and petition was dismissed.

The corporation was created by the legislature under the provisions of chapter 6804, Acts of 1913.

The Act creating the corporation contained the following provisions ''That the territorial boundaries of the Town of Bradley hereby created shall not be changed and shall be as follows''.

The only question presented which we are required to determine is whether or not the language "shall not be changed" excludes this corporation from the application of sections 1916 et seq. R. G. S., 3049 et seq. C. G. L. It is contended that because this language appears in a special act of the legislature that the general act with reference to excluding territory from a municipal corporation above referred to does not apply and in support of that contention the appellees cite State ex rel. vs. City of Homestead, 100 Fla. 354, 130 Sou. 28; City of Jacksonville vs. Bowden, 67 Fla. 181, 64 Sou. 769; Van Pelt vs. Hilliard, 75 Fla. 792, 78 Sou. 693; Fergerson vs. McDonald, 66 Fla. 494, 63 Sou. 915; City of Apalachicola vs. State, 93 Fla. 621, 112 Sou. 618. We do not think the position is tenable. Neither do we think that the cases cited are applicable to the matter here under consideration. If the municipal authorities were seeking to change the boundary lines as fixed by the legislature then the Homestead case would apply, but in this case citizens and property owners who owned property within the boundaries as fixed by the legislature seek to exclude their lands from such corporation limits and jurisdiction because by reason of its location, and otherwise, the lands can, it is alleged, receive no benefits from the municipality and in doing so they avail themselves of a procedure which is provided by statute to apply to all municipal corporations containing less than 150 qualified electors. They avail themselves of this statutory privilege of contesting by a prescribed procedure, the constitutional right of the municipality to retain these lands within the corporate limits and jurisdiction. If the corporation contained more than 150 qualified electors these petitioners would be relegated to the remedy of quo warranto and in such procedure they could test the constitutionality of the act of the legislature including their lands within the corporation and subjecting the

same to taxation without corporate benefits, as was done in the City of Stuart case.

The language "shall not be changed" can have no preventive force or effect. The legislature cannot prohibit a future legislature by proper enactment changing boundaries which it established. Neither can it by the use of such language as is employed here prevent a property owner from exercising the right guaranteed him under section 4 of the declaration of rights.

For the reasons stated, the judgment should be reversed with directions to overrule the demurrer and proceed further with the disposition of the cause in accordance with the law and practice pertaining to such matters. It is so ordered.

Reversed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL, J., concur in the opinion and judgment.

DAVIS, J. (Specially concurring).—I concur in the conclusion but not in the opinion nor the reasoning therein employed. It seems to me clear that the Legislature has ample authority to pass an act fixing the boundaries of a municipality, and also to provide therein that the boundaries *as fixed in such act,* shall only be subject to change by the legislature itself and not by proceedings taken under Section 3049 C. G. L., 1916 R. G. S. My concurrence in the conclusion is based upon the view that the language of the special Act in the case (Sec. 6, Chapter 6804, Acts of 1913) "That the territorial boundaries of the Town of Bradley hereby created shall not be changed and shall be as follows: (giving description)" does not operate in derogation to Section 3049, C. G. L. supra. It is the duty of the Court to give both the general law and the special Act some effect, if the apparent conflict between the two is not irreconcilable. Since both can be given effect, by holding that Sec. 6 of Chap-

ter 6084, supra, intended to refer to proceedings under Section 3048 C. G. L., 1915 R. G. S. and not to proceedings under Section 3049 C. G. L., 1916 R. G. S. I see no bar to the contemplated proceedings in this case which are solely under the latter section, and therefore I concur in the reversal. I might add that I am also of the opinion that the title is of doubtful sufficiency to cover what is embraced in the attempted restriction.