JOHN ZIEGLER, *Relator*, vs. R. C. BAKER, as Sheriff of Palm Beach County, Florida, *Respondent*.

142 So. 241.

Division A.

Opinion filed March 17, 1932.

*D. L. Southard*, and *Francis B. Winthrop*, for Relator; *R. C. Baker*, in pro per.

BUFORD, C.J.—This is an original proceeding in Man-

damus in this Court to require Sheriff R. C. Baker of Palm Beach County to make sheriff's deed to lands sold under execution to the execution creditor, where the lands were sold for less than the amount of the judgment and sold for less than the taxes assessed outstanding and unpaid against the property, upon payment of the costs.

It appears to be well settled that where a judgment creditor is the purchaser of property under execution sale and the amount of his bid is less than the amount of his judgment, he is entitled to have sheriff's deed executed conveying the title to him upon payment of the cost.

In this case the Sheriff declined to make the deed because the taxes outstanding and unpaid lawfully assessed against the property amounted to more than $573.28, the amount of the judgment, and the same ·could not be paid by him as provided by section 1, Chapter 10285, Acts of 1925, section 954, C. G. L.

The record discloses that the judgment was for $573.28, that the taxes lawfully assessed and outstanding against the property amounted to more than this sum and that the highest and best bid at the execution sale was that made by the judgment creditor in the sum of $100.00. As has been heretofore held by this Court, in City of Sanford vs. Dial, opinion filed January 12, 1932, reported 139 So. 144, and in the case of State of Fla. ex rel. East Shore Co. et al. vs. The Honorable Elwyn Thomas, as Judge of the Circuit Court, etc., opinion filed at this term of Court, the section of the statute here under consideration necessarily contemplates its application when the proceeds of the sale are sufficient to pay the taxes and tax liens enumerated in the statute; and it follows that if proceeds of the sale are not sufficient to pay such taxes the officer making the sale and whose duty it is to make the deed is not authorized to select one or another

of the items of taxes and pay that in preference to others, but the proceeds being insufficient to pay all taxes which may be found to be outstanding and the assessment of which constitutes a lien on the property, it is his duty to make the deed just as if this section of the statute did not exist, in which event all liens for taxes will remain liens against the property with the same force and effect as if no sale had been made. It, therefore, follows that in such cases as that which we now have under consideration it is the duty of the Sheriff to collect the costs from the judgment creditor and credit the remainder of the bid on the execution and make Sheriff's Deed as directed by the judgment creditor.

The peremptory writ should issue. It is so ordered.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.