THE STATE OF FLORIDA, ex rel. EAST SHORE COMPANY, a Florida Corporation, and THE MAYACA CORPORATION, a Delaware Corporation authorized to transact business in Florida, *Relators,* vs. THE HONORABLE ELWYN THOMAS, as Judge of the Circuit Court of the Twenty-first Judicial Circuit of Florida, in and for Martin County, *Respondent.*

142 So. 240.

Division A.

Opinion filed March 17, 1932.

502

*Clark & Ellis* and *Loftin, Stokes & Calkins,* for Relators;

*Elwyn Thomas,* of Ft. Pierce, in pro per, for Respondent.

BUFORD, C.J.—In this case mandamus is sought to require the Judge of the Twenty-first Judicial Circuit of Florida in and for Martin County to act on the report of A. O. Kanner as Master in Chancery wherein the said Master in Chancery reported that on January 4th, 1932, he knocked down to and sold to the Mayaca Corporation, a Delaware corporation, the property referred to in the report which was ordered sold under decree of foreclosure and to enter an appropriate order and decree therein as such Judge should find to be lawful and just in the premises, ignoring the provisions of section 1 of chapter 10285, Acts of 1925, also known as section 954 C. G. L.

Alternative writ of mandamus issued. The return to the alternative writ made by the Circuit Judge shows he has declined to act on the report of the Master solely because of the provisions of the statute above referred to.

The record shows that the final decree required the bid for the property at foreclosure sale to be paid in cash, if bought by other than the complainant in that suit. The record shows that the property was not bought in by the complainant but was bought in by one of the defendants, and the record further shows that the complainant extended to that defendant a credit of $107,146.65 which it was to apply on its decree by some private arrangement between the complainant and the defendant, the Mayaca Corporation, and the Mayaca Corporation paid in cash only the amount of $353.33 which was the sum total of the costs.

So, it appears that the terms of the final decree have not been complied with in making the sale and whether or not the Court will confirm a sale made under other terms than those contained in the decree is a matter of judicial discretion to be exercised by the Circuit Judge.

In the case of Williams, et al. vs. Howarth, in which opinion was filed August 4th, 1931, reported 136 Sou. 345, we had under consideration the question of whether or not in view of the statute, section 954, supra, the following provisions of a final decree and foreclosure were proper, to-wit:

"That out of the proceeds of the sale of any of the property hereinbefore described, the said Special Master shall pay the following charges and sums as herein decreed:

'First: All unpaid taxes on such of the above described premises as may be sold, and all sums necessary to redeem said property from tax sales; or in the event that complainants shall have paid said taxes or any of them, repay said sums to the complainant together with interest on such amount at the rate of eight per cent (8%) per annum from the date of such payment to the date of the sale of said premises.' "

And we held:

"Without either allegation or proof as to the amount of taxes lawfully due and required to be paid, this provision of the decree appears to be unsupported, and it leaves the amount required to be paid by the master under this provision entirely to the master's judgment and discretion to be based on information which may be acquired apparently in any manner by the master.

We think this provision of the decree is not warranted by pleading and proof."

In the decree here under consideration the master was not required to pay all taxes due and unpaid and all sums necessary to redeem the property from all prior tax sales and, therefore, the master was without any authority to make the payment of such taxes and such re-

demptions unless that authority be acquired and the duty imposed under section 954, supra; and, if that is to be considered his authority for so doing, then we must say that the master is required by statute to do a thing not judicially determined and authorized by the Chancellor from whom he received his appointment and under whose decree he must act, which would be contrary to the principle that the legislature is without power to control those matters which lie within the judicial discretion of the Chancellor. Fagin, Jr. vs. Robbins, 96 Fla. 91, 117 Sou. 863.

Aside from this, Mr. Presiding Justice Whitfield, speaking for the Court in the case of City of Sanford v. Dial, opinion filed January 12, 1932, reported 139 Sou. 144, in defining the application of section 954, supra, together with other provisions of the statute in regard to foreclosure, said:

"This last-quoted section of the statutes, considered with the other statutes, contemplates that the lands sold under foreclosure decree will bring enough at the sales to pay all state and municipal taxes and all legal and not released municipal assessments against the property sold, and the title conveyed is 'indefeasible' 'as to all parties defendant in the action' but state and municipal taxes and assessments remain a lien upon the lands until paid or released, when statutes give the liens and provide that such liens shall continue until paid."

It is clear that section 954, supra, can only apply when proceeds of the sale of the lands involved in the foreclosure are sufficient to pay the taxes contemplated by the section. If there are not sufficient proceeds then the statute can not be applied.

If it is the judicial determination of the Chancellor that all taxes shall be paid and all or any tax liens lifted from the property from the proceeds of the sale, it is the duty of the Chancellor to determine what taxes and

the amount thereof shall be paid and to so direct the Master in his final decree that the Master may have the direction of the Chancellor in allocating the payments. Then if it develops upon the sale that the proceeds are not sufficient to pay any part of the taxes, or are only sufficient to pay a part of the taxes, the Master should so report to the Chancellor and obtain a further decree as to what, if any, of the taxes should be paid from the proceeds of the sale and, of course, those liens which are not discharged and which are created by the lawful assessment and the non-payment of taxes remain liens against the property and are not changed or disturbed by reason of the sale of the property.

For the reasons stated, the peremptory writ of mandamus will issue. It is so ordered.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.