COLLINS AVENUE & OCEAN INVESTMENT CO., v.
E. A. CRAWFORD.

154 So. 211.
Opinion Filed April 4, 1934.
Petition for Rehearing Denied April 30, 1934.

470

*E. L. Lockhart,* for Appellant;

*Gautier, Worley & Bouvier,* for Appellee.

BUFORD, J.—The appeal is from a final decree in a foreclosure suit and order confirming master's report.

Appellant in its main brief states six questions involved.

The first question challenges the ruling of the Court in admitting and considering evidence taken by a Special Master after the expiration of time fixed in an order made by the court.

The record shows that in an order dated the first day of December, 1932, the following appeared:

"IT IS FURTHER ORDERED AND ADJUDGED that the time for the taking of testimony in this cause be, and the same is hereby limited to a period of fifteen (15) days from the date hereof."

But, the record further shows that the order was not filed in the clerk's office and recorded in the proper records therein until the sixteenth day of December, 1932. Therefore, the order did not become effective until after the expiration of the time fixed in it and was of no force and effect in this regard.

The record shows that the master took the testimony on the 23rd day of December, 1932, and the same was filed on the 3rd day of January, 1933. Therefore, the testimony was taken within fifteen days from the date after the order became effective and within the time allowed under the statutes and rules of court for taking testimony in chancery causes.

The second question challenges the right of the mortgagee to retain money as a bonus without any agreement for the payment of a bonus and it is the contention of appellant that, absent the showing of an affirmative agreement, the amount retained by the mortgagee must be credited as interest. We find substantial evidence in the record to support the conclusion that the sum of $900.00 was retained out of the loan as a bonus and not as a payment on interest.

The third and fourth questions assume that there was an unlawful contract and that the same should not be enforced. If the contract was for the payment of $900.00 as a bonus that part of the contract was executed at the time the loan was closed and, therefore, the right to enforce it is not now to be determined. But, aside from this, the contract was not unlawful. The contract was a note dated April 25, 1932, for the sum of $20,000.00, with interest at the rate of 8 per cent, payable April 25th, 1935, being at the expiration of three years. The proceeds of the loan amounted to $19,100.00. Interest on that amount at 10 per cent., for three years, would be $5,730.00. Interest on $20,000.00 at 8 per cent. for three years would be $4,800.00. And so it is that the contract did not contemplate the payment of more than 10 per cent. interest on the amount received for the term loaned.

The fifth question challenges the propriety of the court including in the final decree directions that the master pay

all costs and expenses of the proceeding, including, amongst other things, "all unpaid taxes due and owing and heretofore assessed against the above described property."

In Williams v. Howarth, 102 Fla. 709, 136 Sou. 345, we said:

"In a foreclosure suit it is error for the chancellor to enter a decree requiring the master to pay from the proceeds of the sale of the property involved all unpaid taxes on such of the described premises as may be sold, and all sums to redeem said property from tax sales; or in the event that complainants shall have paid said taxes or any of them, repay said sums to the complainant together with interest on such amount at the rate of eight per cent. (8%) per annum from the date of such payment to the date of the sale of said premises, when there is no finding or adjudication of the amounts required to be paid and the record discloses neither allegation nor proof of such amounts."

And, in State, ex rel. Eastshore Co., et al., v. Thomas, 104 Fla. 501, 142 Sou. 240, we reaffirmed this enunciation.

In this case, however, it appears that the master's report showed the amount of taxes·found to be due and whch he would be required to pay. Appellant filed exceptions to the master's report but by such exceptions this item in the report was not challenged and, therefore, the question of its propriety was not presented to the court below, but was presented for the first time in this Court.

Parties are confined to the points raised and determined in the court below when they have had an opportunity to raise such questions there. Hartford Fire Ins. Co. v. Hollis, 58 Fla. 268, 50 Sou. 985; Caldwell, et al., v. Peoples Bank of Sanford, 73 Fla. 1165, 75 Sou. 840; Daley v. State, 67 Fla. 1, 64 Sou. 358.

The record shows that the report of the master in this

regard was confirmed without objection. Aside from this, no injustice is worked because it was the duty of the mortgagor, under the law, as well as under the specific provisions of the mortgage, to pay the taxes.

The sixth question presents the contention that the court should have sustained the objections of the defendant to the master's report of the sale upon the grounds:

"That it is unfair, unequitable and illegal to hold the sale on a day when all monies, credit and deposits in all financial institutions of the entire United States are by proclamation of the President thereof tied up and no person permitted to withdraw or secure any portion thereof for any purpose whatsoever.

"That it is unfair, unequitable and illegal to hold the said sale of said property at any time when a moratorium exists by a proclamation of the President of the United States, having all banks prohibited from honoring checks or paying out on their deposits.

"That it is unequitable and unjust in such a crisis as existed on March 6, 1933, the date of the sale reported by the said master, to allow the complainant to bid in the said property for an amount to be credited against the indebtedness decreed to be due the said complainant by the final decree herein, when cash is not available to other purchasers, yet the said sale was held as a cash sale, unless the said bid be taken and considered in satisfaction of the amount decreed in said final decree."

If there were any merit in the contention expressed, there was no showing that the result was materially affected by the existence of the alleged conditions. The mortgage was for $20,000.00 and the record shows that the complainant bid in the property for that sum and the court indicated its finding that such sum was adequate by confirming the sale.

474

The decree and order appealed from should be affirmed. It is so ordered.

Affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS and TERRELL, J. J., concur.