HORTON, Judge.'
These interlocutory appeals bring for review two post-decretal orders in a mortgage foreclosure which denied the appellant’s motion to require the clerk of the circuit court to pay from the proceeds of the mortgage foreclosure sale certain ad valorem taxes due and unpaid against the property foreclosed, including the redemption of any outstanding tax certificates against said property.
The appellant contends here that the provisions of § 192.28, Fla.Stat., F.S.A., man-datorily require the clerk of the circuit court to pay from the proceeds of the foreclosure sale all taxes whether state, county or municipal, which are due and unpaid, as well as a redemption of all outstanding tax sales certificates unredeemed against the property in question.
The proceedings in foreclosure were brought under the provisions of § 702.02, Fla.Stat., F.S.A. Sections 702.01 and 702.-02, Fla.Stat., F.S.A., provide two methods for the foreclosure sale of mortgaged property. The first is a foreclosure in chancery with the aid of a special master (§ 702.01) and the second is a statutory proceeding with the sale being made by the clerk of the circuit court (§ 702.02). Section 702.021, Fla.Stat., F.S.A., provides that these are alternative methods and that the plaintiff may adopt either method and the method so adopted shall exclusively govern.
Without tracing the historical origin of § 192.28, supra, and the provisions of Section 702.02, supra, suffice it to say that the former was enacted prior to the latter. Counsel for the parties have not been able to cite authority construing the relationship between the questioned statutes and our research has likewise failed to disclose any such authority.
In the instant case, the court’s decree of foreclosure did not adjudicate the amount of taxes due and direct their payment out of the proceeds of the foreclosure sale. The appellant contends that the provisions of the .decree which directed the sale of the property “free, clear, and discharged of and from any and all claims, liens, encumbrances, rights, equities and interests, of any and all of the parties hereto” support its basic contention that the chancellor committed error in failing to require the payment of the taxes and unredeemed tax sale certificates from the proceeds of the sale. Primarily, the appellant relies upon language in the case of Horn v. City of Miami Beach, 142 Fla. 178, 194 So. 620, 623, in which the Supreme Court of Florida said:
“Section 954, C.G.L., makes it the duty of the master in chancery, from whom the City of Miami Beach acquired a master’s deed, from the proceeds of the sale thereof to pay or cause to be paid all taxes, State, county and municipal, which are due and unpaid against the property, and such sums as were necessary to redeem the same from liens of all back taxes for tax certificates outstanding against the property.”
This language from the Supreme Court’s opinion is no more than a restatement of the statute itself, and was not determinative of the question in that case. The Horn case was before the Supreme Court on the question of the correctness of an order striking an answer and counterclaim filed by a defendant-tax certificate holder in a suit to foreclose tax deeds and certificates. The question of the distribution of the proceeds of a foreclosure sale was not involved and the court did not, directly or indirectly, recede from prior cases regarding its construction of § 954, C.G.L., now § 192.28, Fla.Stat., F.S.A., set forth in the cases of Williams v. Howarth, 102 Fla. 709, 136 So. 345; State ex rel. East Shore Co. v. Thomas, 104 Fla. 501, 142 So. 240; Ziegler v. Baker, 104 Fla. 499, 142 So. 241; Collins Avenue & Ocean Inv. Co. v. Crawford, 114 Fla. 469, 154 So. 211; Taylor v. Finlayson, 128 Fla. 444, 176 So. 44. The substance of the holdings in these *648 latter cases is that two elements must be present before § 192.28 becomes operative in order to impose a duty to pay taxes. They aré (1) that the decree under whose authority the court’s officer is acting must require him to pay the taxes and that such taxes must have been alleged and proven as a basis upon which the court could adjudicate the amount due for such taxes; and (2) even though there has been allegation, proof and' declaration of the amount of taxes due as well as authority to pay the same from the proceeds of the sale, the proceeds from the sale must be sufficient to pay all the taxes enumerated in the statute. In the absence of the two elements mentioned, § 192.28 woüld not appear to be controlling for, as the court said, in State ex rel. East Shore Co. v. Thomas, supra, where the master was not required by the decree to pay all taxes due and unpaid, “therefore the master was without any authority to make the payment of such taxes and such redemptions', unless that authority be acquired and the duty imposed under section 954, supra; and, if that is to be considered his authority for so doing, then we must say that the master is required by statute to do a thing hot judicially determined and authorized by the chancellor from whom he received his appointment and under whose decree he must act, which would be contrary to the principle that the Legislature is without power to control those matters which lie within the judicial discretion of the Chancellor.” [104 Fla. 501, 142 So. 241.]
Inasmuch as the appellant did not allege, prove or have adjudicated taxes which were due and unpaid against the property, ás well as the identity and sums necessary to redeem the same from the liens of all back taxes for tax certificates outstanding against the property, we conclude that the chancellor’s order refusing to invoke the provisions of § 192.28 was without error. It follows that the orders appealed are affirmed.
Affirmed.