HENDRY, Judge.
This is an appeal from an order denying appellant’s petition for an award of monies in the registry of the court. The petition set forth that petitioner was the buyer of certain real property pursuant to a foreclosure sale; that there was a surplus of money which had been deposited in the registry of the court after the mortgage indebtedness had been satisfied; that delinquent taxes were unpaid; and, that said surplus should be awarded to petitioner for the payment of delinquent taxes.
The court denied the petition of appellant and further ordered that the surplus funds be awarded to appellee, the Keyes Company, a judgment creditor of the mortgagor, in accordance with appellee’s petition.
Appellant contends that it was error for the chancellor to refuse to order that the surplus funds be applied to the payment of the delinquent taxes pursuant to §§ 192.21 and 192.28, Fla.Stat., F.S.A.
We cannot agree with appellant’s contention. It is our view that the chancellor properly found that the sections of the statute relied upon by appellant were not applicable under the facts and pleadings in the instant case. In the case of Family Investors, Inc. v. National Title Insurance Company, Fla.App.1962, 136 So.2d 646, the court held that § 192.28, supra, was not applicable where the matter of unpaid taxes *662 was not adjudicated m the foreclosure proceedings. The court said:
“The substance of the holdings in these latter cases is that two elements must be present before § 192.28 becomes operative in order to- impose a duty to pay taxes. They are (1) that the decree under whose authority the court’s officer is acting must require him to pay the taxes and that such taxes must have been alleged and proven as a basis upon which the court could adjudicate the amount due for such taxes; and (2) * * * [that] * * * the proceeds from the sale must be sufficient to pay all the taxes enumerated in the statute.”
The record on appeal shows that the matter of taxes was not before the court in the foreclosure proceedings. Appellant first filed her petition seeking payment of taxes after the foreclosure sale. There was no provision in the order of sale that the property be sold free and clear of liens, etc.
No error having been made to appear, the orders appealed are affirmed.
Affirmed.