QUESTION: Are recalls of elected municipal officials governed by state statute or by city charter?
SUMMARY: Provisions of municipal charters and special laws relating to recall in existence when Ch. 74-130, Laws of Florida (s. 100.361, F. S.), took effect, and which conflicted with Ch. 74-130, were repealed to the extent of such conflict by s.100.361(10). The repealer clause of s. 100.361(10) would not apply to special laws enacted subsequent to the effective date of Ch. 74-130. Section 100.361 appears to be limited in scope to recall only of members of the governing body of a municipality (or charter county). In 1974, the Legislature enacted Ch. 74-130, Laws of Florida, now codified as s. 100.361, F. S., in order to provide uniform, statewide procedure for municipal recall. The expression of the intent of uniformity, and a repealer clause designed to effect such uniformity, are set forth in s. 100.361(10): It is the intent of the legislature that the recall procedures provided in this act shall be uniform statewide. Therefore, all municipal charter and special law provisions which are contrary to the provisions of this act are hereby repealed to the extent of this conflict. (Emphasis supplied.) Thus, under the above-quoted provisions, it would appear that any Jacksonville charter provision relating to recall which was in effect at the time Ch. 74-130 took effect, and which was in actual conflict with Ch. 74-130, was repealed as of the effective date of Ch. 74-130 (but only to the extent of such conflict). However, while the expression in s. 100.361(10), supra, of legislative intent that recall provisions be uniform statewide is certainly clear, it is equally clear that such an expression does not bind subsequent legislatures. Kirklands v. Town of Bradley, 139 So. 144 (Fla. 1932); Trustees of Internal Imp. Funds v. St. Johns R. Co.,16 Fla. 531 (Fla. 1878). Any special acts (such as those amending the Jacksonville charter) which may have been enacted subsequent to the effective date of Ch. 74-130, supra, would not be affected by the repealer clause in s. 100.361(10) and would, of course, be entitled to the presumption of validity and constitutionality afforded any enactment of the Legislature. In addition, I would refer you to AGO 075-119, wherein I stated on p. 3 that the uniformity and preemption intent expressed in s. 100.361(10) would be of effect only "insofar as the subject matter of recall proceedings is regulated by the statute." (Thus, municipal regulation by ordinance of recall-related matters not regulated by s. 100.361 — such as the providing of additional grounds for recall, as was the issue in AGO 075-119 — would not appear to be prohibited.) Finally, and perhaps most importantly, I would point out that s. 100.361, supra, does not appear to have been intended to encompass every category of elected municipal official. Rather, the scope of the act would seem to be limited to the recall only of a member of the governing body of a municipality (or charter county). Section 100.361(1) provides: Any member of the governing body of a municipality which has at least 500 registered electors or charter county, hereinafter referred to as municipality, may be removed from office by the electors of the municipality by the following procedure: Similar language is also present in the title to Ch. 74-130, supra, which sets forth the act's purpose as "authorizing and providing procedures for the recall of any member of the governing body of a municipality or charter county by the municipal or charter county electors." In addition to the aforementioned AGO 075-119, I am also attaching copies of AGO's 075-242 and 075-83, which interpret other related aspects of s.100.361 and which should be useful. I trust the above comments, when read in conjunction with the attached opinions, will provide you with sufficient information in this matter.