SCHWARTZ, Chief Judge.
The second mortgagee seeks certiorari review of two orders entered after a judgment foreclosing a first mortgage on the property. We treat the petitions for certiorari as non-final appeals under Florida Rule of Appellate Procedure 9.130(a)(4)[1] and reverse both orders.
*171 The orders in question require disbursement from the surplus of the $357,-000.00 successfully bid at the foreclosure sale over the $238,749.85 due under the judgment, for payment respectively of (a) the 1993 real property taxes on the property and (b) the outstanding City of Miami Beach water bills. Neither of these obligations, nor the unper-fected liens to which the City may have been entitled, was adjudicated or included in the final judgment of foreclosure which governed the terms of the ensuing sale.[2] Hence, neither order was authorized under the binding provisions of section 197.217, Florida Statutes (1991), which states:
197.217 Judicial sale; payment of taxes. — All officers of the court selling property under process or court order shall pay all taxes that are due and unpaid against the property from the proceeds of the sale after the payment of the costs of the proceedings and any attorney’s fee allowed by the court when the court order or process directs that taxes shall be paid, [e.s.]
That the final foreclosure judgment does not provide for the payments in question renders the orders before us entirely erroneous. This court specifically so held in both Family Investors, Inc. v. National Title Insurance Co., 136 So.2d 646 (Fla. 3d DCA 1961) and Cohen v. Keyes Co., 212 So.2d 661 (Fla. 3d DCA 1968). Indeed, these decisions present a fortiori authority for our conclusion here since they involved a predecessor statute, section 192.28, Florida Statutes (1967), which did not contain the emphasized language in section 197.217, requiring that a court order “direct[ ] that taxes shall be paid.”[3],[4]
Reversed.

. (4) Non-final orders entered after final order on motions that suspend rendition are not re *171 viewable; provided that orders granting motions for new trial in jury and non-jury cases are reviewable by the method prescribed in rule 9.110. Other non-final orders entered after final order on authorized motions are reviewable by the method prescribed by this rule.
Fla.R.App.P. 9.130(a)(4).

.The final judgment did include the following: 5. Plaintiffs shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if Plaintiff is not the purchaser of the property at the sale. Without further order of this Court, the Clerk of the court shall increase the amount of the judgment upon certification by Plaintiff to the Clerk of the Court of subsequent costs incurred by Plaintiff, including, without limitation, payments made (i) to the holder of superior liens encumbering the subject property (ii) to insurance agencies or companies to maintain insurance of the subject property or (iii) to the Dade County Tax Collector for payment of real property taxes on the subject property.... [e.s.]
The respondents’,attempt to justify the orders under review on the basis of the emphasized language of this paragraph is wholly misplaced. The plaintiff did not advance any of the sums in question and none of them were added to the judgment by the clerk, as the clear terms of the provision require.

. Since section 197.217 refers only to the payment of "taxes,” there is no authority whatever under the statute for the discharge of the liens created by the city’s unpaid water bills.

. Our decision has no effect upon the ability of the county or the city to enforce its respective rights to the payment of taxes and water bills as against the property and the respondent-appellee Resnick, who, as the successful bidder at the sale, is the present owner.
That Resnick is liable for these charges is in no way unfair. To the contrary, under the decided cases, he was bound to know — and presumed to have reduced his bid accordingly — that the taxes and water bills were not included in what was offered for sale under the judgment and would therefore remain unpaid. On the other hand, the orders under review, which in effect changed the conditions of the sale after it had taken place, conferred an unearned windfall upon Resnick at the expense of other claimants to the fund.