A. L. SAMMONS and wife, MRS. AMELIA B. SAMMONS; R. E. BENEDICT and wife, MRS. R. E. BENEDICT, J. A. STERNE, and wife, MRS. J. A. STERNE, C. N. ELLIOTT, Trustee, and his wife, MRS. C. N. ELLIOTT; FLAGLER FINANCE CORPORATION, a Florida Corporation; and ALEX HERMAN and his wife, MRS. ALEX HERMAN, *Appellants,* v. TRUST COMPANY OF FLORIDA, a Florida Corporation, as Trustee, *Appellee.*

136 So. 442.

Division A.

Opinion filed August 4, 1931.

Petition for rehearing denied September 15, 1931.

712

*Loftin, Stokes & Calkins, of Miami,* for Appellants;
*Redfearn & Ferrell, of Miami,* for Appellee.

BUFORD, C.J.—This was a foreclosure of a mortgage or trust deed executed to secure the payment of certain bonds. The mortgage or trust deed was made to Trust Company of Florida, as Trustee, dated April 15th, 1925, and was to secure the payment of 139 bonds aggregating $60,000.00. The form of the bond was set forth in the mortgage or trust deed. The bill alleged default upon which complainant was entitled to foreclosure. It alleged that 9 of the bonds had been paid and that 22 of the bonds were still outstanding in the hands of investors scattered throughout the country; that complainant had endeavored to procure possession of these bonds but had failed to do so and intended to continue its efforts to procure such bonds. The bonds outstanding in the hands of investors were 22 in number and aggregated in value $10,700.00. Complainant filed evidence 108 of the bonds and proved that 139 bonds were issued and disposed of.

Decree was in favor of complainant.

There were three assignments of error. The first was abandoned. The second assignment of error is that, "The Court erred in overruling and denying the exceptions to the master's report filed by defendant Flagler Finance Corporation".

Appellant argues grounds 2, 3-A, 3-B and 3-E of the objections to the master's report. These exceptions are as follows:

"2. The master erred in finding that the complainant has maintained, by competent evidence, the allegations of its bill and is entitled to the relief prayed therein. He ought to have found that there was insufficient proof to permit the inclusion, in the total amount of indebtedness claimed, of the sum of $10,-

700.00, represented by twenty-two bonds, which were not produced in evidence nor a satisfactory explanation made of their absence, nor of attempts to obtain the same for introduction in evidence.

"3-A. The Master erred in finding that there was due for principal the sum of $55,937.50,

(a) Because the mere introduction in evidence of bonds aggregating the sum of $46,800.00 is insufficient proof to establish the principal debt in that amount;

(b) Because the absence of the remainder of the bonds to make up that amount was insufficiently explained;

(c) Because no showing was made that complainant made any real or substantial effort to obtain the remainder of the bonds to make up the principal amount.

3-B. The master erred in finding that there was $5,409.61 due for interest on the principal amount to December 7, 1928.

(a) Because there was not sufficient proof of the principal amount;

(b) Because it appears in the testimony that complainant has on deposit from this defendant the sum of $2,031.25 for which complainant has failed to give defendant credit for interest."

3-E. "The master erred in allowing the sum of $400.00 for Trustee's services since the alleged default;

(a) Because the mortgage only provides that the Trustee is entitled to reasonable charges for such services, and there is no proof of any qualified witness of what such reasonable services should cost;

(b) Because the testimony of an employee of the complainant is insufficient to establish what a reasonable charge for services should be."

It is contended that the mortgage could not be foreclosed as to the twenty-two bonds not offered in evidence.

In the case of Dickerman vs. Northern Trust Co., 176 U. S. 194, 44 Law. Ed. 423, the Supreme Court of the United States, speaking through Mr. Justice Brown, said:

"Bonds need not be produced in evidence prior to a decree of foreclosure and sale, in a suit by trustees under a mortgage securing the bonds, where the evi-

dence is sufficient to prove that the bonds were valid and were outstanding obligations.''

In the body of the opinion in the above case, 44 Law. Ed. 431, it is said:

''That the bonds were not put in evidence prior to the decree of foreclosure and sale. This objection is unsound. The foreclosure suit was by mortgagees in possession. The bill averred and the answer of the company admitted the issue of one thousand bonds of $1,000 each, with the accompanying interest coupons, and the answers of the intervenors admitted that these bonds were issued and certified by the trust company, and only denied that *all* of them were duly issued, negotiated and sold, and that they were valid and outstanding obligations. The testimony for both parties showed that the entire number were certified and issued by the company and the master also made a finding to the same effect. He also found that they were valid obligations of the company, and that there was due thereon $1,249,632.86. Given the number of bonds and coupons, the amount due was a simple matter of mathematical computation. No further proof was required to justify a decree of foreclosure and sale. Nothing could be gained by an order to produce the bonds before the master prior to such decree. The complainants were trustees under the mortgage and had no personal interest in the bonds, but held the legal title to the mortgage, which they were foreclosing for the benefit of others. This power was expressly given them by the mortgage. It was sufficient to prove that the bonds were valid and were outstanding obligations of the company, and it was not necessary to show in whose hands they were or to require their production. Indeed, an order to that effect could only result in delaying a decree indefinitely, since in cases of corporate mortgages the bonds are often widely scattered, owned in foreign countries, or by persons totally ignorant that a suit for foreclosure is in progress. Months and even years might be required to produce them all. The practice has been to order a decree for foreclosure and sale without their production. Guarantee Trust & S. D. Co. vs. Green Cove Springs, & M.

R. Co., 139 U. S. 137, 150, 35 L. ed. 116, 121, 11 Sup. Ct. Rep. 512; Toler v. East Tennessee V. & G. R. R. Co., 67 Fed. Rep. 168, 180.''

This statement of the law appears to be accepted as correct in most jurisdictions and we hold it to be the correct rule in such cases.

Appellants contend that the Master erred in finding that there was due for principal the sum of $55,937.50. This appears to be the proper deduction from the uncontradicted testimony.

Appellants also contend that the Master erred in finding that there was due the sum of $5,409,61 for interest on the principal amount to December 7, 1928.

There appears to have been an error in favor of the complainant of interest in the sum of $575.00. The decree should be modified to eliminate this amount of interest.

It is also contended under the second assignment of error that the allowance of $400.00 as compensation for the services of Trustee is unwarranted. We are unable to say that there was any abuse of judicial discretion in the allowance of this fee for the services of the Trustee after default in the payment of the bonds.

The third assignment of error is based upon the order allowing attorney's fees. The bill of complaint sufficiently alleges complainant's liability for payment of a reasonable attorney's fee but the proof fails to meet the rule as stated in Brett vs. First National Bank, 97 Fla. 284, 120 Sou. 554, and the other cases following the enunciation of that case in this regard. Therefore, the decree awarding attorney's fees should be reversed, with directions that the chancellor may take and consider additional testimony in regard to this matter and enter such decree as the evidence warrants.

There is some contention that the terms of the final decree are such as to require a bondholder bidding to pay his bid in cash, thus depriving such bondholder of the

privilege of using the bonds held by him in part payment of his bid. As we construe the decree it does not preclude a bondholder who is successful bidder for the property to use his bonds to pay their proportionate value of the bid. It appears to be held in the majority of jurisdictions that a bondholder being the successful bidder for property at a foreclosure sale in a suit to enforce the payment of bonds may use his bonds in payment of his bid to the extent of the proportionate value of such bonds as ascertained by the amount realized at the foreclosure sale. That is, if the property sells for enough to pay only 50% of the face of the bonds outstanding then the bonds in the hands of the bidder can be used as part payment at 50% of their face value and this is true whether the decree specifically so provides or not.

In 14A C. J., page 713, it is said:

> The foreclosure decree need not require the sale of the corporate property to be for cash. The bonds of the mortgagor corporation may be taken in lieu of cash, as cash, if taken, would be given back again to the bondholders in any event to redeem the bonds. Nor does a provision in the decree that the property be sold, "to the highest and best bidder for cash" affect the rule. "The highest bidder for cash" is construed as meaning "for cash or its equivalent" and bonds in such cases are the equivalent of cash.

The decree of foreclosure is affirmed with directions that the same be modified as to interest due. That part of the decree allowing attorney's fees is reversed and remanded, as aforesaid.

The costs of this appeal shall be taxed against the appellee.

Affirmed in part; reversed in part and remanded.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.