CLEVELAND MORTGAGE AND INVESTMENT COMPANY v. A. W. GAGE, as Trustee, and PINASCO, INC.

198 So. 677
Division B
Opinion Filed November 12, 1940
Rehearing Denied December 9, 1940

*A. W. Jordan,* for Appellant;
*McMullen, McMullen & Pogue,* for Appellees.

CHAPMAN, J.—On August 15, 1939, the Cleveland Mortgage and Investment Company, alleged to be the owner of mortgaged real estate, filed in the Circuit Court of Pinellas

County, Florida, a motion to set aside and vacate an order confirming a Master's sale based on a final decree of foreclosure, and likewise to vacate and set aside the report made to the circuit court of the master's sale. The order confirming the sale approved the execution and delivery of a Master's deed to the real estate described in the final decree to Pinasco, Inc., a Florida corporation, and a stranger to the foreclosure proceedings.

Pertinent allegations of the motion to vacate are viz.: That on the 4th day of January, 1933, the Circuit Court of Pinellas County entered a decree of foreclosure which, among other things, ordered the property described in the bill of complaint to be sold to satisfy the terms of the final decree: (a) to the highest and best bidder for cash at the front door of the court house in the City of Clearwater, County of Pinellas and State of Florida, on a legal sales day of the court within the legal hours of sale; (b) appointed Ralph E. Richards, Esq., as special master in chancery to make said sale and to execute said decree; (c) that upon such sale being made as in said decree provided directed him to collect and reduce to his possession the proceeds of such sale and report the same to the court; (d) that out of the proceeds of said sale, first to pay all costs and expenses of the court, together with his fees and commission, and that he next pay to the solicitors for the complainant the sum of $6,000.00 as solicitor's fees for prosecuting the proceeding; (e) and to pay out of the funds remaining in his hands, after the foregoing disbursements were made, the complainant or his solicitor of record the sum of $63,443.39, together with the interest thereon from the date of said decree at the rate of 8% per annum; (f) and in the event the said mortgaged property sell for a sum not sufficient to pay the amount decreed to be due and payable, to apply such sums as may be received from said sale of

said real estate upon said indebtedness in so far as the same will apply; (g) in the event any funds remain in his hands from the sale of said property after making the payments adjudged in said decree, to pay the same into the registry of this Court to abide its further orders and decrees; and (h) upon the sale of said mortgaged property, to forthwith report the same to this Court together with his acts and doings therein for confirmation thereof.

The motion recited further that the property was sold under the terms of the final decree by the Special Master to Pinasco, Inc., a corporation, for the sum of $20,000.00 and disbursements thereof by the Special Master were made viz.: Master's fee $134.00; court costs and advertising $38.91; abstract charges $44.75; solicitor's fee $6,000.00; and the further sum of $13,782.34 was paid to the solicitor for complainant, and the balance due the complainant under the final decree was $50,112.18.

The motion also recited that the report of the sale, as a matter of fact, was untrue in that Pinasco, Inc., a corporation, did not bid or pay to the Master $20,000.00 and no moneys were disbursed by the Special Master and the report of the disbursements *supra* as made by the Master were untrue and that the bid of Pinasco, Inc., a corporation, was not *bona fide;* that the deed to said corporation was executed and delivered without consideration and the grantee therein never went into the possession of the mortgaged premises, and while the terms of the final decree ordered a sale of the property for cash, no cash was paid for the deed, and no disbursements were ever made; and that the report so made to the court was to induce it to enter an order confirming the sale and if the court had known the true facts, an order confirming the sale would not have been entered, and no deed of conveyance in and to the mortgaged property would have been executed and delivered.

The prayer of the motion was that the court inquire into the facts stated in the motion and to enter an order annulling said sale, reject the report of the Special Master, cancel and set aside the order confirming the sale, as well as the deed to Pinasco, Inc.

A motion to dismiss the motion to vacate was made, but the same was by the lower court overruled and denied and an answer by the respondents was filed and attached and made a part thereof were a number of exhibits. The original motion to vacate was by an order of the court subsequently amended, when considerable testimony was taken on the issues made by the pleadings on the part of the respective parties. The court, after hearing all the testimony and examining the exhibits and hearing argument of counsel for the respective parties, entered an order overruling and denying the said motion and amendment thereto which sought to annul the Master's sale and to reject the report of the Special Master and to cancel and set aside the order confirming the sale and to cancel and set aside the deed executed by the Special Master, and the rule to show cause as previously issued by the lower court was quashed and vacated, and from said order an appeal has been perfected to this Court and a number of questions propounded by the parties, and appellant presents and argues several assignments of error for a reversal of the order dated March 18, 1940.

Counsel for appellant contends that the Special Master's sale was non judicial and void because the successful bidder failed, as shown by the record, to pay the sum of $20,000.00 in *cash*, being the amount of his bid as made to the Special Master, while the terms of the final decree under which the sale was made directed that the Special Master sell the property for *cash;* the property was not sold for *cash*, but the Special Master making the sale reported to the Court

that the sale was for the sum of $20,000.00 in *cash,* and the report of the Special Master in this particular, as a matter of fact, was untrue and known to be untrue in point of fact when made or reported to the court, and therefore was a fraud, and upon this untrue representation the order of confirmation of the sale aforesaid was obtained in the lower court. There is but little, if any, dispute on the facts here involved.

It is pointed out that the sale in question was handled in the usual and customary manner of handling sales at that particular time. The amount of the bid in the sum of $20,000.00, as made by the successful bidder, was by the Special Master credited to the total amount due, after allowing the credit, in the sum of $50,112.18. The amount of the bid in actual cash was not paid to the Special Master, but the report shows a payment to the solicitor for complainant of a fee in the sum of $6,000.00, while as a matter of fact he testified that the actual amount received for his professional services in the foreclosure suit was only $1,000.00. There is no offer appearing in the record on the part of the movant to pay the total amount due under the terms of the final decree. While the record shows that the sum of $20,000.00 in cash was not received by the Special Master and the amount of fee as reported at $6,000.00 to have been paid to the solicitor of record for the complainant was untrue in point of fact, we fail to find or observe an injury to the movant, as a credit for the amount of the bid was made on the final decree.

It is not asserted here that the amount of the successful bidder in the sum of $20,000.00 was an inadequate bid. The total amount due on January 4, 1933, when the final decree as recited therein was entered was the total sum of $69,443.39. The fact that the *cash* was not paid by the successful bidder to the Special Master and an untrue re-

port in point of fact was made to the court that cash was received and paid out, fails to bring the movant within the general rule necessary to set aside a judicial sale as enunciated by this Court in Ruff v. Guaranty Title & Trust Co., 99 Fla. 197, 126 So. 383. See Collins Avenue & Ocean' Inv. Co. v. Crawford, 114 Fla. 469, 154 So. 211; Tanner v. Batson, 123 Fla. 240, 166 So. 545; Waybright v. Turner, 129 Fla. 310, 176 So. 424; Crichlow v. Equitable Life Assur. Soc. of U. S., 131 Fla. 752, 180 So. 382; Mitchell v. Mason, 75 Fla. 679, 79 So. 163; Marsh v. Marsh, 72 Fla. 142, 72 So. 638; Macfarlane v. Macfarlane, 50 Fla. 570, 39 So. 995; Lawyers' Co-operative Pub. Co. v. Bennett, 34 Fla. 302, 16 So. 185.

This Court considered and construed a final decree of foreclosure in which it was provided that the bidder should pay cash to the Master when the property was sold at a Master's sale. See State *ex rel.* East Shore Co., v. Thomas, 104 Fla. 501, 142 So. 240; Sammons v. Trust Co. of Fla., 102 Fla. 711, 136 So. 442. The movant in the case at bar was duly credited with the amount of the bid on the final decree and has not shown an injury. While the Special Master's report shows technical erroneous statements of fact to the lower court and the order of confirmation was based thereon, the common practice as existed then was followed, and we do not feel justified in disturbing a sale on such a showing made approximately six and one-half years prior to bringing this suit, as here presented. There was no offer to pay the amount of the final decree with interest, nor has it been shown that the movant here has sustained an injury.

Counsel for appellant cites the cases viz.: Fuller v. Exchange Bank, 38 Ind. 570, 78 N. E. 206; Phelps v. Jackson, 31 Ark. 272; McCormick v. Walter A. Wood, etc., 72 Ind. 518; Swayze's Lessee v. Burke, 37 U. S. (12 Pet.) 11, 9 L. Ed. 980; Williamson v. Berry, 49 U. S. (8 How.)

495, 12 L. Ed. 1170; McKenzie v. Bacon, 40 La. Ann. 157, 4 So. 65; 42 C. J. 206; Camden v. Mayhew, 129 U. S. 73, 9 S. Ct. 246, 32 L. Ed. 608; Myers v. Nelson, 26 Gratt. (Va.) 729. We deem it expedient to follow the decisions of Florida rather than the rule enunciated in the cases cited *supra.*

The record discloses that Ralph E. Richards, on February 16, 1932, as Special Master, executed a deed to Pinasco, Inc., a Florida corporation. The articles of incorporation of Pinasco, Inc., were filed in the office of Secretary of State on September 15, 1930. The articles of incorporation show that A. W. Gage, John C. Polhill and Mary E. Plumb were the officers and stockholders of Pinasco, Inc. It is contended that the deed from the Special Master to Pinasco, Inc., is void and the Master's sale was non judicial because the grantee in the deed was not a trust company incorporated under the trust laws of Florida. Sections 6126 and 6145 C. G. L. are cited and relied upon to show or establish that Pinasco, Inc., had and possessed no trust powers and that it was unlawful for it to hold title, as trustee, to the mortgaged lands.

Whether or not the conveyance into Pinasco, Inc., a corporation, as trustee, can be collaterally raised, as here attempted, presents an interesting question. The *ultra vires* act of a corporation was raised in a quo warranto proceeding by the State of Florida on the relation of the Attorney General in the case of Marion Mtge. Co. v. State *ex rel.* Davis, Atty. Gen., 107 472, 145 So. 222. See Brown v. Marion Mtge. Co., 107 Fla. 727, 145 So. 413.

In the case of Hitchcolk v. Mortgage Securities Corp., 95 Fla. 147 (text pp. 177-8-9), 116 So. 244, under the subject of "Holding as Trustee," it was said:

" 'It may be stated in general terms that whoever is capable of taking the legal title or beneficial interest in

property, may take it in trust for others. Whatever persons or corporations are capable of having the legal title or beneficial interest cast on them by gift, grant, bequest, descent, or operation of law, may take the same subject to a trust and they will become trustees.' Perry on Trusts and Trustees, Sec. 39.

"Under the heading 'Holding as Trustee' we find, in 14A C. J. page 514, par. 2402, the following: 'It was formerly held on technical grounds that a corporation could not hold lands to the use of another; but this doctrine has long since been abandoned, and it is now settled beyond any question that a corporation has not only the power or capacity but also the right, to hold real or personal property in trust, in the same manner and to the same extent as a natural person, for any purpose which is not foreign to the objects for which it was created, and that a court of equity will enforce the trust. *And it has been held that, where property is devised or granted to a corporation partly for its own use and partly for the use of others, the right of the corporation to take and hold the property for its own use carries with it, as a necessary incident, the power to execute that part of the trust which relates to others.*' (Italics supplied.) * * *

" 'The principle is well settled that a corporation is presumed to act within its granted powers until the contrary is shown, and that the burden of proving a contract *ultra vires* is upon the party alleging the fact.' 3 Thompson on Corporations, Sec. 2779.

"Where a corporation, organized and doing business under the laws of the State of Florida, accept the trust imposed upon it by an assignment of notes payable to, and the certificates of stock of, a debtor corporation, with the direction that the proceeds thereof be applied to the pay-

ment of the indebtedness of the debtor corporation to said assignee or trustee corporation, as also the indebtedness due other creditors named in the list attached to the assignment or trust agreement, such acceptance of the particular trust does not constitute the assignee corporation a 'Trust Company' as provided for in Section 4183, Revised General Statutes of Florida, or in Chapter 8531, Laws of Florida, Acts of 1921. And the acceptance of such trust for the purposes stated is not *ultra vires,* as being unauthorized under the law."

See Crichlow v. Maryland Casualty Co., 116 Fla. 226, 156 So. 440; Richardson v. South Fla. Mtge. Co., as Trustee, 102 Fla. 313, 136 So. 393.

Excellent briefs have been filed by counsel for the respective parties in which the law and facts were ably and thoroughly presented, and likewise strong oral argument has been given the entire record but we fail to find error and accordingly the decree or order appealed from is hereby affirmed.

It is so ordered.

WHITFIELD, P. J., and BROWN, J., concur.

BUFORD, J., concurs in opinion and judgment.

Chief Justice TERRELL and Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.