PEARSON, Judge.
This is an interlocutory appeal from an order entered after final decree in a mortgage foreclosure proceeding. The order appealed denied appellant’s motion for “order requiring payment of reimbursement of taxes”. The appellant, Zimmer, held a second mortgage and was a defendant in the action for the foreclosure of a first mortgage held by the appellee bank.
The proceedings on which the motion was predicated were as follows: The appellee, first mortgagee, filed a bill of complaint to foreclose its mortgage against the fee owners and the appellant, second mortgagee on April 27, 1959. Prior thereto (the exact date is not revealed by th.e record before us) the second mortgagee had instituted foreclosure proceedings upon her mortgage. A final decree was entered foreclosing the second mortgage, and on October 5, 1959, the appellant, Zimmer, had become an owner of the legal title subject to the lien of the bank’s first mortgage.
In Zimmer’s answer to the bank’s complaint, she alleged that during the life of the first mortgage and for the purpose of protecting her interest under and by virtue of the second mortgage, she paid state, county and city personal property taxes upon a portion of the mortgaged property and that by reason of the payments she became subrogated to the rights of the taxing authorities for the enforcement of a lien for the taxes.
Based upon the complaint, the answer and the. testimony taken the chancellor decreed in part: 1) the lien of the plaintiff on the mortgaged property was prior to the claims of the defendants, 2) ordered the property sold and provided “at said sale any parties hereto, including the plaintiff may become a bidder for said property. * * In addition the chancellor provided in the final decree the following paragraph :
*655 “9. From the proceeds of said' sale the Clerk is directed to make the following disbursements in the order shown, to wit:
“(a) Clerk’s cost in conducting said sale, including his statutory fee and cost of publishing notice of same.
“(b) The several sums due the Plaintiff herein as heretofore decreed, including principal, interest, court costs and its attorney’s fees, and including taxes advanced by defendant Zimmer in the amount of $2,788.26.
“Should any surplus remain after payment of the foregoing disbursements, it shall be held by said Clerk in the registry of the Court.”
Thereafter the attorney for the plaintiff-bank and the attorney for defendant-Zim-mer entered into a stipulation as follows:
“It Is Hereby Stipulated by and between the undersigned that Paragraph 9 of the Final Decree heretofore entered herein on November 23, 1959, be .amended to read as follows:
“9. From the proceeds of said sale the Clerk is directed to make the following disbursements in the order shown, to-wit:
“(a) Clerk’s costs in conducting said ■sale, including his statutory fee and costs of publishing Notice of same.
“(b) Plaintiff’s attorneys’ fees in the sum of $4,600.00, together with court costs herein.
“(c) The sum of $9,849.39 due to plaintiff for 1957 and 1958 Dade County Taxes, and the sum of $2,788.26 to the Defendant, Mignonette R. Zimmer, for 1956 and 1957 City of Miami Beach .and Dade County Personal Property Taxes.
“(d) The several sums due the plaintiff herein as heretofore decreed, less the sums hereinabove provided in subparagraphs (b) and (c), including principal and interest.
“Should any surplus remain after payment of the foregoing disbursements it shall be held by said Clerk in the Registry of the Court, subject to further order of this Court.”
On thp motion of the parties an amended final decree was entered which was the same as the prior final decree except that it substituted a new paragraph numbered “9” exactly in the words of the stipulation.
The foreclosure sale was held on December 15, 1959, and the highest bidder was the plaintiff. The bank did not pay the amount of the bid to the clerk because the amount of its bid was substantially less than the amount found due it in the final decree. The bank, as successful bidder, did pay to the clerk the amount of the clerk’s cost. Thereafter, Zimmer filed her “motion for order requiring payment for reimbursement of taxes,” above referred to, and the court denied, this motion.
It will be observed that the stipulation above quoted in full provided “from the proceeds of said sale the clerk is directed to make the following disbursements in the order shown, * * (Emphasis supplied.) The meaning of the italicized words is critical inasmuch as a difference in the meaning given to them is fundamental to the positions of the appellant and the appellee. As applied with reference to sales, the term “proceeds” has been held to mean the amount realized from the sale. Ladd v. Upham, Tex.Civ.App.1933, 58 S.W.2d 1037, 1039. In Dittemore v. Cable Milling Co., 16 Idaho 298, 101 P. 593, 133 Am.St.Rep. 98, it is said that “ ‘proceeds’ is synonymous with product, income, yield, receipts, returns, and, as used in relation to an execution sale, means all that was received from the sale.” The bank urges that the stipulation and paragraph “9” of the final decree are applicable only in the event there was a “cash bid”. This position can *656 not be supported because the stipulation says “proceeds” not “cash proceeds”.
It is apparent therefore that the parties are bound, first by the stipulation[1] above set forth, and second by the final decree of foreclosure as amended which was not appealed, to the provision that the gross amount received from the sale should be applied in a certain order to (wit: a) clerk’s cost, b) attorney’s fees, c) taxes paid by plaintiff and by Zimmer and d) the several sums due the plaintiff. It is further apparent that the provision of the final decree that “at said sale any party hereto, including the plaintiff may become a bidder for said property” had the usual meaning that the plaintiff could use the amount found to be due to it by the final decree, as a credit[2] upon any bid made but that it would be necessary for the plaintiff to pay in cash the charges included in the final decree which were set forth as superior to the lien of the mortgage foreclosed. [3] It will be noted that the stipulation and final decree recognized that the clerk’s cost for conducting the sale was such a prior claim. In addition, the stipulation and decree recognized that plaintiff’s attorney’s fees were such a prior claim. The stipulation and decree set forth that the sums paid by the plaintiff and defendant for taxes should occupy a position superior to the sums due the plaintiff as set forth in the prior portions of the decree. When the plaintiff used the amount found to be due it as a credit upon its bid at the sale, the credit applied only to sums set forth in subsection “d” of paragraph “9” and any sums which might be proper for payment thereafter.
It is therefore apparent that the court was correct in the entry of the amended final decree and mistaken in the denial of Zimmer’s motion to compel reimbursement of the $2,788.26 paid by her since such payment was provided for in paragraph “9”, subsection “c” of the final decree. The order appealed is reversed and the cause remanded for the entry of an order consistent with the views herein expressed.
Reversed.
HORTON, C. J., and CARROLL, CHAS., J., concur.

. See In re Lacy, 234 Mo.App. 71, 112 S.W.2d 594, 601; Pounds v. Jenkins, Tex.Civ.App.1941, 157 S.W.2d 173, 177.

. See Grable v. Nunez, Fla.1953, 66 So.2d 675; Sammons v. Trust Co. of Florida, 102 Fla. 711, 136 So. 442.

. See Reese v. Dobbins, 51 Iowa 282, 1 N.W. 540; Moss v. Annapolis Sav. Inst., 177 Md. 135, 8 A.2d 881.