CARROLL, Judge.
Plaintiff in a mortgage foreclosure suit appeals from' an order subsequent to final decree setting aside a foreclosure sale and directing resale.
*198 The final decree had determined that J. O. Phillips as trustee in bankruptcy for one Elry Stone held a lien on the property equal in dignity to that of the plaintiff, and that plaintiff and the trustee should share the proceeds of sale in proportion to the amounts due them ($4,311.68 and $3,120 respectively), approximately 58% to the plaintiff and 42% to the trustee in bankruptcy. The final decree ordered sale of the property on a specified date for cash, with a proviso that the plaintiff, if the purchaser, should receive credit up to the amount due but would be required to pay the bankruptcy trustee his portion of the net bid.
The foreclosure sale was held and the property was bid in by the plaintiff for $100. The defendant Mary Wengrow filed bbjections to the sale, stating as grounds only that the value of the property was in excess of the amount of the bid and that the bid "further confuses the title and status of liens on the property.” Following a hearing on the objections the chancellor set aside the sale and ordered a resale. That order required sale to be made for cash, without provision for the plaintiff to be allowed credit in bidding.
Appellant argued that inadequacy of the bid, in the absence of irregularities in the manner of sale, would not furnish ground to set aside the sale, and that there was no showing made by the objector in support of the contention of inadequacy of the bid. Appellant also argued it was error to provide that the resale should be held for cash without including or repeating provisions with reference to the sale which were contained in the final decree and that it was error to fail to require the party who sought and obtained the order for resale to pay the costs of the initial sale.
We are at a disadvantage in that the record does not reveal what transpired before the chancellor on the hearing which resulted in the order for resale. No record was made of those proceedings. Certain recitations in the order showed the grounds on which the resale was ordered, as follows:
“* * * [T] he Court having heard argument of counsel for the respective parties, the Court finds that the price bid at the sale was One Hundred ($100.00) Dollars by one of the Plaintiffs, Carrie O. Robinson, that the Co-Plaintiff, the Trustee in Bankruptcy has in hand deposits and offers for better bids, that the best interest of all parties concerned will be served by a cancellation of the sale and re-sale of the property, that other interested parties did not appear to bid because of a misunderstanding as to how the Co-Plaintiff Carrie O. Robinson intended to bid * * * ”.
The grounds stated by the chancellor were sufficient to prompt his action, and the presumption of correctness which hovers over that decision of the chancellor has not been dispelled.
The order setting aside the foreclosure sale and ordering a new sale is affirmed, but we hold the chancellor was in error in directing that the resale be for cash without making provision in the order for plaintiff as a bidder to have credit up to the amount found due (except as to costs and the amount payable to the trustee), as had been provided in the final decree. See Tucker v. Crown Corp., 136 Fla. 517, 183 So. 740, 745, 119 A.L.R. 1102; Grable v. Nunez, Fla. 1953, 66 So.2d 675, 677-678. See also Cleveland Mortgage & Investment Co. v. Gage, 144 Fla. 758, 198 So. 677, 679.
The matter of the charging the costs of the first sale was in the chancellor’s discretion. Recitations in the order indicate the need for a resale was attributable to actions of the plaintiff. In that circumstance the failure of the chancellor to require the costs of the first sale to be paid by the objector as a condition of ordering a new sale was not an abuse of discretion. The question of payment of such costs has not been settled and is for future determination by the chancellor.
*199 Accordingly, the order appealed from is affirmed in part and reversed in part, and the cause is remanded to the circuit court with directions to amend and supplement the order for resale to state the time and the terms thereof.
Affirmed in part and reversed in part, and remanded with directions.