NORTHCUTT, Judge.
Roy Wallace challenges his conviction for possession of marijuana, cocaine and drug paraphernalia on several grounds. We reject his argument that the evidence was insufficient to support his conviction. But we hold that the trial court erred by permitting the trial to proceed with only five jurors. Accordingly, we reverse Wallace’s conviction and remand for a new trial. Our resolution of this issue obviates discussing Wallace’s other points on appeal.
This case began when Wallace stopped on the way home from work to have a drink at a lounge connected to a motel. He was outside in a picnic area when officers from the Highlands County Sheriffs office, the Florida Department of Law Enforcement, the Drug Enforcement Agency, and the Immigration and Naturalization Service descended on the motel to serve a federal warrant on another man. The officials told everyone in the area to lie on the ground. An INS agent asked Wallace if he was an alien, presumably because Wallace had an accent. Wallace stated that he was a Jamaican citizen. When the INS agent asked to see his green card, Wallace advised that he kept it at home because he was afraid it would be stolen if he took it to work. The INS agent then handcuffed Wallace behind his back.
The agent and three Highlands County Sheriffs officers, including two in full SWAT *914 gear, drove Wallace to his residence to obtain the green card. Wallace’s wife let the group in the home. The agent and the officers took Wallace, who was still handcuffed, into his bedroom. He directed them to a shirt where he believed the green card was located. The officers did not find the card in the shirty but it was discovered shortly thereafter in a jacket pocket. Meanwhile, one of the Highlands County officers noticed a small amount of leafy material, a matchbox, and a razor on a nightstand in the bedroom. The INS agent discovered a loaded revolver in Wallace’s closet. ' Wallace was arrested and charged with possession of marijuana, cocaine and drug paraphernalia. He never moved to suppress either the drugs or the gun, so we cannot comment on the legality of the seizure.
After the jury had been sworn, but before the trial began, one of the jurors became ill. Wallace’s counsel stated on the record that he had discussed the matter with his client and that “he’s not opposed with going with five jurors.” The court accepted this stipulation, but did not ask Wallace directly whether he agreed with counsel’s statement.
In Blair v. State, 698 So.2d 1210 (Fla.1997), our supreme court held that the United States and Florida constitutions permit a defendant to waive his right to trial by a six-member jury. But the court also held that the waiver must bé voluntary, intelligent, and knowing, and that á record must be made to demonstrate this fact. In Blair, the record showed that counsel had apprised the defendant of the alternative courses available to him: taking a mistrial; postponing the trial, which had been in' progress for four days, for a week; or proceeding with a five-person jury. Blair himself stated that he wished to go forward with five jurors. In holding that Blair’s waiver was sufficient, the court “underscore[d] that the unique facts of this case and the procedural safeguard of Blair’s on-the-record personal waiver after consultation with counsel” were essential to its decision. Id. at 1218. While the supreme court declined to mandate a formal protocol beyond what it had found sufficient in Blair’s case, it reminded trial courts “of the importance of securing a personal waiver and of conducting an ‘appropriate oral colloquy’ to be certain that any waiver is knowing intelligent and voluntary.” Id. (citations omitted).
Here, the record does not demonstrate whether Wallace was aware of his constitutional right to a six-member jury, or of his alternatives to proceeding with only five jurors. He did not personally waive his right. This was error. Accordingly, we reverse his conviction and remand for a new trial. See Blair; Gamble v. State, 696 So.2d 420 (Fla. 5th DCA 1997).
Reversed and remanded.
WHATLEY, A.C.J., and SALCINES, J., concur.