890 So.2d 383 (2004)
WELLS FARGO FINANCIAL SYSTEM FLORIDA, INC., Appellant,
v.
GRP FINANCIAL SERVICES CORP. and Kerri E. Bell, Appellees.
No. 2D04-1891.
District Court of Appeal of Florida, Second District.
December 22, 2004.
*384 Forrest G. McSurdy of Stern & McSurdy, P.A., Plantation, for Appellant.
Gordon R. Duncan of Duncan & Tardif, P.A., Fort Myers, for Appellee GRP Financial Services Corp.
No appearance for Appellee Kerri E. Bell.
NORTHCUTT, Judge.
Wells Fargo Financial System Florida, Inc., appeals an order denying its motion to vacate a foreclosure sale. We reverse because the circuit court mistakenly believed that it lacked discretion to vacate the sale under the facts of the case.
Wells Fargo and GRP Financial Services Corp. had competing mortgages on a property, and both filed foreclosure actions, which were then consolidated. The two parties reached a mediated agreement. As provided in the agreement, the court entered a summary judgment in favor of GRP that incorporated the agreement and set a judicial sale of the property. GRP's final judgment and the mediation agreement contemplated that a second summary judgment would be entered for Wells Fargo and the sale proceeds would be distributed according to both judgments. For reasons not explained, the Wells Fargo judgment was never entered. Realizing this, Wells Fargo's counsel attempted to cancel the sale at the last minute and then mistakenly failed to attend and bid at the sale when it was not cancelled. GRP purchased the property at the sale for $100.
On Wells Fargo's motion to vacate the sale, the court found that the sale price was inadequate, thus satisfying the first prong of the test set forth in Arlt v. Buchanan, 190 So.2d 575 (Fla.1966) (giving court discretion to set aside judicial sale when grossly inadequate sale price was combined with any mistake by person connected with sale which results in injustice to complaining party). The error in this case stems from the court's mistaken belief that it could not exercise its discretion when the complaining party was responsible for the mistake. As explained in United Cos. Lending Corp. v. Abercrombie, 713 So.2d 1017, 1019 (Fla. 2d DCA 1998), "even a unilateral mistake which results in a grossly inadequate price is legally sufficient to invoke the trial court's discretion to consider setting the sale aside." As we did in that case, we reverse and remand for the circuit court to reconsider Wells Fargo's motion.
Reversed and remanded.
KELLY and WALLACE, JJ., Concur.