941 So.2d 435 (2006)
Frank J. RICHARDSON, deceased, and Lessie Richardson, Appellants,
v.
CHASE MANHATTAN BANK, Appellee.
No. 3D04-2199.
District Court of Appeal of Florida, Third District.
October 18, 2006.
Henrietta Jo Pace, Miami, for appellant.
Stern & McSurdy and Forrest G. McSurdy, for appellee.
Before COPE, C.J., and SHEPHERD and ROTHENBERG, JJ.
COPE, C.J.
Lessie Richardson, for herself and as personal representative of Frank Richardson[1] (the "Richardsons"), appeals the denial of her objections to a foreclosure sale. We reverse for further proceedings.
Chase Manhattan Bank (the "Bank") filed a foreclosure action against the Richardsons in May 2000. The face amount of the mortgage was $76,000. Final judgment was entered on July 13, 2000.
There was a complicated course of proceedings in the United States Bankruptcy Court. Frank Richardson filed a bankruptcy proceeding under chapter 7. The Bank obtained relief from the bankruptcy stay. Mr. Richardson converted the chapter 7 bankruptcy to a chapter 13 bankruptcy proceeding. Mr. Richardson made payments to the Bank under chapter 13 and the Bank accepted the payments.
*436 Mr. Richardson passed away in June 2001. Mr. Richardson's chapter 13 proceeding was dismissed and the estate attempted unsuccessfully to reinstate it. Ms. Richardson then filed her own chapter 13 proceeding. Ultimately that chapter 13 proceeding was dismissed with prejudice by the Bankruptcy Court after Ms. Richardson failed to attend a required creditors meeting.
The trial court resumed jurisdiction and entered an amended judgment in favor of the lender for $123,265. In March 2004 the trial court entered an order rescheduling the foreclosure sale, which had been scheduled and canceled several times previously. The certificate of service on the order reflects that separate copies of the rescheduling order were mailed to Mr. Richardson (who was by then deceased), Ms. Richardson[2], and the Richardsons' counsel who had appeared in the foreclosure action on behalf of Mr. Richardson and Ms. Richardson as personal representative. The sale took place in April 2004. The Bank was the successful bidder.
Eight days after the sale Ms. Richardson served an objection to sale and a verified motion to set aside the sale of the property ("objection and motion"). The objection and motion stated that she had received no notice of the rescheduled sale:
COMES NOW, LESSIE RICHARDSON, Widow and Personal Representative of the Estate of Frank Richardson by and through the undersigned counsel and files this Verified Motion to Set Aside Sale of the Property, and as good grounds would state:
1. The sale of the property on April 28, 2004, was an unlawful taking without due process in violation of the 14th Amendment of the United States Constitution.
2. On March 30, 2004, this Honorable Court granted Plaintiff's Motion to Reschedule Foreclosure Sale.
3. Plaintiff failed to notify LESSIE RICHARDSON or the Estate of Frank Richardson of the impending sale scheduled April 28, 2004.
4. The property was sold without the notice to LESSIE RICHARDSON or the Estate of Frank Richardson.
5. LESSIE RICHARDSON has resided on the property with her family since 1987. At times, Mrs. Richardson has received mail addressed to other people who live on a different street with the same house number. Likewise, neighbors [have] brought mail to Mrs. Richardson's home.
6. On June 19, 2001, FRANK RICHARDSON died. His survivors include Mrs. Richardson, and two minor children.
7. At the time of Mr. Richardson's demise, he was a Debtor in Chapter 13 of the United States Bankruptcy Court. (In Re: Frank Richardson, Case No. 00-16239).
8. In Re: Frank Richardson, Plan payments were made by LESSIE RICHARDSON. She paid the plan payments to the Chapter 13 Trustee. She paid Chase Manhattan $22,631.96 as Regular Mortgage Payments and $4,694.54 as Mortgage Arrears Payment. In this Bankruptcy case, a total of $27,326.90 was paid to Chase Manhattan. (See Exhibit A)
9. Thereafter, the Bankruptcy Court dismissed In Re: Frank Richardson, and allowed LESSIE RICHARDSON to *437 file In Re: The Estate of Frank Richardson, Case No. 03-50709 RBR.
10. In Re: Estate of Frank Richardson, LESSIE RICHARDSON paid the Trustee $6,000 as regular payments and arrearage. (See Exhibit B). Thereafter, In Re: Estate of Frank Richardson was dismissed.
11. In Re: Lessie Richardson, Case No. 0350919 PGH LESSIE RICHARDSON paid the Trustee $4,518.00. (See Exhibit C)
12. Mrs. Richardson desires to save her homestead.
WHEREFORE, LESSIE RICHARDSON, prays the Court will Sustain her Objection to the Sale and Grant her Motion to Set Aside the Sale of the Property.
(Emphasis in original; exhibits omitted).
The trial court conducted a non-evidentiary hearing on the objection and motion. The trial court denied relief and Ms. Richardson has appealed.
We first consider the claim of Ms. Richardson in her individual capacity that she did not receive notice of the sale. At the outset of the foreclosure case, Ms. Richardson was named as a defendant and filed a pro se answer. Ms. Richardson was listed on the service list used by the court and parties. Through and including the time of sale Ms. Richardson was not represented by counsel in her individual capacity. Therefore notice of the sale should have been sent to her. The record shows that such notice was mailed to Ms. Richardson.
However, Ms. Richardson's objection and motion state that she did not receive notice of the rescheduled sale. The objection and motion "`constituted some evidence that the subject order was not received in the mail. . . . It therefore became a question of fact as to whether plaintiff[] had received the subject order in the mail.[]' . . . In other words, the denial of receipt does not automatically overcome the presumption but instead creates a question of fact which must be resolved by the trial court." Scutieri v. Miller, 584 So.2d 15, 16 (Fla. 3d DCA 1991) (citation omitted). See also World On Wheels of Miami, Inc. v. International Auto Motors, Inc., 569 So.2d 836, 837 n. 1 (Fla. 3d DCA 1990).
The parties appear to assume that if Ms. Richardson did not receive notice then the court must automatically set aside the sale. That assumption is not correct. See Bennett v. Ward, 667 So.2d 378, 381 (Fla. 1st DCA 1995) (stating that equitable principles govern whether to set aside a judicial sale); see also Cleveland Mortgage and Investment Co. v. Gage, 144 Fla. 758, 198 So. 677, 678-79 (1940); Cicoria v. Gazi, 901 So.2d 282, 287-88 (Fla. 5th DCA 2005).
On remand Ms. Richardson bears the burden to establish at the evidentiary hearing that she did not receive notice of the rescheduled sale and must also show what harm, if any, she suffered by reason of not being notified of the sale. Whether the trial court should grant relief is addressed to its equitable discretion.
In the trial court the Bank argued that it was not required to serve Ms. Richardson because counsel had appeared in the case on her behalf. The Bank contends that service on counsel was all that was required. See Fla. R. Civ. P. 1.080(b). We find no indication in the record that counsel had appeared for Ms. Richardson individually so the Bank's argument is misplaced.
The analysis differs with regard to Mr. Richardson and his estate. At the outset of the foreclosure case Mr. Richardson was named as a defendant and filed a pro se answer. After Mr. Richardson filed for *438 bankruptcy protection, bankruptcy counsel appeared in the foreclosure action by filing a suggestion of bankruptcy. As we interpret the transcript of the hearing below, bankruptcy counsel appeared in the foreclosure case for the limited purpose of filing the suggestion of bankruptcy and did not undertake to defend Mr. Richardson in the foreclosure proceeding. The service list identifies counsel as bankruptcy counsel. For present purposes we assume that bankruptcy counsel was not representing Mr. Richardson in the foreclosure case and that service of pleadings on Mr. Richardson continued to be required.
After Mr. Richardson passed away, bankruptcy counsel filed a motion to substitute Ms. Richardson as personal representative in place of Mr. Richardson. The motion requested a stay of the foreclosure action in hopes that Ms. Richardson would receive a settlement that would allow her to pay off the mortgage. By these motions counsel had begun actively representing and defending Ms. Richardson as personal representative in the foreclosure action.
The Bank argues that once counsel had appeared in the foreclosure action, service of pleadings and orders was sufficient if served on counsel. See id. The Bank's position is that since the rescheduling order was mailed to counsel at her address of record, this amounted to service on Ms. Richardson as personal representative.
At the hearing below, counsel stated that she, too, did not receive notice. She said that her office had moved and that her office address was no longer the address reflected in the court file. The Bank contended, and we agree, that upon relocating her office it was the responsibility of counsel to file a notice of change of address in the court file so that the parties and the court could update their service list.
Counsel argues that she did, in fact, let the Bank know her correct address in two separate ways. First, counsel points out that her new address was reflected on the motion for stay she filed on behalf of Ms. Richardson as personal representative. However, we note that the local practice is for counsel to file a document clearly entitled "Notice of Change of Address," or the equivalent, so as to alert the court and counsel that there is an address change. Merely stating the new address under counsel's signature line, without doing something to call the attention of the court and counsel to the change of address, is insufficient.
Counsel also argues that the Bank was aware of this change because in the bankruptcy proceeding, the Bank was serving her with papers at her new office address. Again, we note that the custom is to file a notice of change of address in each active litigation file. The fact that the Bank had received notice of counsel's change of address in the bankruptcy proceeding would not automatically alert the Bank that a change of address was needed in the separately pending foreclosure case. We conclude that the Bank was entitled to rely on counsel's address of record in the foreclosure litigation.
However, the fact that counsel made an error does not end the inquiry. It appears that in foreclosure cases there are circumstances in which relief from a foreclosure sale will be granted, even if the complaining party was responsible for the mistake, where there is a grossly inadequate sale price. See Wells Fargo Financial System Florida, Inc. v. GRP Financial Services Corp., 890 So.2d 383, 384 (Fla. 2d DCA 2004).
Because we are remanding for further proceedings as to Ms. Richardson individually, on remand Ms. Richardson as personal *439 representative may also make a showing regarding how, if at all, she was harmed and whether the circumstances of this case are such that equity requires the sale to be set aside as to Ms. Richardson as personal representative.
Upon the issuance of our mandate Ms. Richardson and her counsel will have thirty days to file an amended objection and motion which is either verified or supported by affidavit. If Ms. Richardson fails to file within the allotted time then the objection and motion may be summarily denied.
For the stated reasons, the order now before us is reversed and remanded for further proceedings consistent herewith.
NOTES
[1] Frank Richardson was one of the originally named defendants in the foreclosure action, but he died in June 2001. Lessie Richardson, his widow, is the personal representative of his estate.
[2] The notice to Ms. Richardson was addressed to her as Mrs. Daily, which was her name prior to marrying Mr. Richardson.