SUAREZ, J.
Jose Corkidi, Max Carlos Lederman, Michael Levin, Hannah Levin, Irving Carpman and Jacques Aghion (“Aghion”) appeal a final judgment after a jury trial in two consolidated cases awarding damages for breach of fiduciary duty, civil conspiracy and civil theft. We affirm the final judgment as to appellants, Jose Corkidi, Max Carlos Lederman, Michael Levin, Hannah Levin and Irving Carpman. We reverse the final judgment only as to appellant Aghion and remand for a new trial solely on the issue of damages.
On appeal, the sole meritorious point raised is Aghion’s contention that his due process rights were violated by the fact that he neither had the opportunity to join in nor to challenge the stipulated to-proee-dure during trial of proceeding with a jury panel consisting of five jurors, as opposed to six after one of the jurors became ill.[1]
A default having previously been entered against Aghion, he proceeded to trial pro se solely on the issue of damages. Aghion now claims he was not present at trial because he was out of the country and never received the notice of trial even though one was sent.[2] He argues that, as he was not present at trial through no fault of his own, he did not have the opportunity of stipulating to a five-member jury or knowingly waiving his right to a six-member jury either when the subject came up during voir dire or at the time of the stipulation between the other defendants. As Aghion did not have the opportunity of exhibiting such a knowing waiver, we must find, based on the case law, that he is entitled to a new trial on the issue of damages. See Blair v. State, 698 So.2d 1210 (Fla.1997) (holding that the constitutional right to a six-member jury may be waived by a knowing and intelligent waiver); Fla. Fertilizer & Mfg. Co. v. Boswell, 45 Fla. 301, 34 So. 241 (1908) (holding that when the defendant is not present in person or by an attorney at trial, he does not waive the right to a twelve-member jury where the case is tried by six jurors; the sufficiency of the waiver is determined by whether the waiver was knowing and intelligent); Wallace v. State, 722 So.2d 913 (Fla. 2d DCA 1998) (holding that failure to inform the defendant of the constitutionally mandated right to a six-person jury, when one juror became ill after the jury had been sworn, but before trial had begun and the defendant’s attorney waived his rights without consulting defendant, mandates a new trial); Loiselle v. Gladfelter, 160 So.2d 740 (Fla. 3d DCA 1964) (holding that when a constitutional right is vested in a party, and there is a doubt as to whether that right has been waived, the doubt should be resolved in the defendant’s favor); see also Hornblower v. Cobb, 932 So.2d 402 (Fla. 2d DCA 2006) (holding that even where defendant is served, received copies of pleadings and chose not to participate in a jury trial, an affirmative *93 action more than silence or inaction is necessary to waive the right to a jury trial).
Affirmed as to appellants, Jose Corkidi, Max Carlos Lederman, Michael Levin, Hannah Levin and Irving Carpman.
Reversed and remanded as to appellant, Jacques Aghion.
WELLS, C.J., concurs.

. We reject the other points Aghion raises on appeal as having no merit.

. We decline to address whether Aghion, in fact, did receive notice of trial as this is a matter to be determined at an evidentiary hearing by the trial court. See Richardson v. Chase Manhattan Bank, 941 So.2d 435 (Fla. 3d DCA 2006); Scott v. Johnson, 386 So.2d 67 (Fla. 3d DCA 1980) (holding that denial of receipt of notice of trial did not rebut presumption of trial court’s certificate of mailing of notice requiring an evidentiary hearing).