# Third District Court of Appeal

## State of Florida

Opinion filed March 25, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D10-2266
Lower Tribunal No. 04-17804
_____

**Jose Corkidi, et al.,**
Appellants,

vs.

**Franco Investments, LLC,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Gill S. Freeman, Judge.

DuBosar Navon and Howard D. DuBosar and Robert C. Sheres (Boca Raton), for appellant Jacques Aghion; O.M. Amir (Deerfield Beach); Richard Burton and Richard Solnick; Beverly A. Pohl (Ft. Lauderdale), for appellants.

Zarco Einhron Salkowski & Brito and Alejandro Brito and Leon F. Hirzel and Roberto Zarco, for appellee.

Before SHEPHERD, C.J., and WELLS and SUAREZ, JJ.

SUAREZ, J.

Jacques Aghion, a defendant below, moves this Court to enforce the mandate issued on its opinion in Corkidi v. Franco Investments, 100 So. 3d 91

(Fla. 3d DCA 2012) (the "prior opinion"). Aghion bases his motion on the trial court's alleged refusal to obey this Court's mandate, which he interprets as requiring it to conduct a new trial on damages as to him. Specifically, in the prior opinion this Court reversed two final judgments entered against Aghion and remanded the case for a new trial on damages based upon its finding that the verdict of a five-member jury was unconstitutional as to Aghion because Aghion did not appear at trial and thus could not have knowingly and voluntarily waived his constitutional right to a six-member jury.

While the prior opinion did remand for a new trial, it also stated that Aghion was "entitled" to a new trial on the issue of damages because, in essence, there was no evidence in the record that he had affirmatively waived his right to a six-member jury. Notably, the prior opinion did not explicitly direct that a new trial be had. Rather, Footnote 2 of the prior opinion provided that "[w]e decline to address whether Aghion, in fact, did receive notice of trial **as this is a matter to be determined at an evidentiary hearing by the trial court**." Corkidi, 100 So. 3d at 93, fn.2 [emphasis added].

This is exactly what the trial court did on remand – it held an evidentiary hearing on the issue of whether Aghion in fact received notice of trial and affirmatively chose not to appear. The prior opinion's inclusion of Footnote 2, coupled with its general holding, gave the trial court the authority to flesh out the record with regard to that issue. A trial court has the latitude to comply with an

2

appellate court's implicit rather than explicit suggestions in the opinion. As the

First District Court of Appeal stated in Basic Energy Corp. v. Hamilton County,

667 So. 2d 249, 250 (Fla. 1st DCA 1995);

> [F]urther inquiry may be necessary to determine what is required in order to comply with the mandate. A remand phrased in language which limits the issues for determination will preclude consideration of new matters affecting the cause. . . . Concomitantly, [i]t is well settled that, upon reversal and remand with general directions for further proceedings, a trial judge is vested with broad discretion in handling or directing the course of the cause thereafter.

(citations omitted). In the prior opinion Footnote 2 allowed the trial court to make

further inquiry to determine whether Aghion in fact received the trial notices and

what actions he took in response to those notices. The trial court's decision to hold

an evidentiary hearing on this issue was not an abuse of discretion.[1]

The trial court concluded that Aghion's testimony was not credible, that he

failed to overcome the presumption of the trial court's certificates of mailing, and

"deliberately chose not to attend the trial." As a result, there is now an affirmative

finding by the trial court of Aghion's receipt of notice of trial as well as his willful

failure to attend trial, evidence the panel in the prior opinion did not have before it

in 2012. Our standard of review of the trial court's legal conclusion that Aghion

waived his right to trial is *de novo*. See, e.g., Bakerman v. Bombay Co., 961 So.

---

[1] See Richardson v. Chase Manhattan Bank, 941 So. 2d 435, 437 (Fla. 3d DCA 2006) (finding it was defendant's burden " to establish at the evidentiary hearing that she did not receive notice of the rescheduled sale and must also show what harm, if any, she suffered by reason of not being notified of the sale. Whether the trial court should grant relief is addressed to its equitable discretion.").

3

2d 259, 261 (Fla. 2007) (stating that a question of law is "subject to the *de novo* standard of review"); <u>R & B Holding Co. v. Christopher Adver. Grp., Inc.</u>, 994 So. 2d 329, 331 (Fla. 3d DCA 2008) (same).

In remanding for a new trial, the prior opinion relied on cases in which there were no facts indicating that the affected party had affirmatively waived its right to trial. For example, the court in <u>Hornblower v. Cobb</u>, 932 So. 2d 402 (Fla. 2d DCA 2006), held that even where defendant is served, received copies of pleadings and chose not to participate in a jury trial, something more than silence or inaction is necessary to waive the right to a jury trial. But in that case, "for reasons <u>not disclosed in the record</u>, he [Hornblower] did nothing," <u>id.</u> at 408, and there was no testimony or affidavit submitted by him. Finding that "[w]aiver by implication . . . must be more than a mere failure to appear and contest the issues of the case," the appellate court reversed the trial court's ruling that Hornblower waived his right to a jury trial. <u>Id.</u> at 408.

In Aghion's case, however, the trial court has now made an on-the-record factual determination, after evidentiary hearing, of Aghion's affirmative and willful choice to disregard notice of trial. This is not a case of waiver by implication or passive acquiescence. For that reason <u>Hornblower</u> and related cases are distinguishable. Aghion's willful act of affirmatively avoiding notice from the plaintiff or the court, now a record finding of fact by the trial court, is enough to support a finding of waiver of jury trial by five, rather than six, jurors.

The trial court did not abuse its discretion in holding the evidentiary hearing, and its legal determination precluding Aghion's subsequent efforts to have a second bite at the apple are without error. We therefore deny Aghion's motion to enforce the mandate.

Denied.