# Third District Court of Appeal

**State of Florida**

Opinion filed July 22, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-1592
Lower Tribunal No. 14-1007

_____

**Aspen Air Conditioning, Inc.,**
Appellant,

vs.

**Safeco Insurance Company of America, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Daryl E. Trawick, Judge.

Lynne S. K. Ventry (Delray Beach); Clifford A. Wolff (Fort Lauderdale), for appellant.

Mills Paskert Divers and Alberta Adams Campbell and Matthew G. Davis (Tampa), for appellee Safeco Insurance Company of America.

Before WELLS, ROTHENBERG, and LAGOA, JJ.

ON MOTION FOR ATTORNEY'S FEES

LAGOA, J.

Pursuant to Florida Rule of Appellate Procedure 9.410 and section 57.105(1), Florida Statutes (2014), Appellee, Safeco Insurance Company of

America ("Safeco"), seeks an award of attorney's fees—incurred defending against allegedly baseless assertions contained in the Appellant's Initial Brief—as a sanction against Appellant, Aspen Air Conditioning, Inc. ("Aspen"), and its counsel, Lynne S.K. Ventry, Esq. ("Ventry") and Clifford A. Wolff, Esq. ("Wolff"). Because we find that Aspen's allegations are without a good faith basis, sanctions against Aspen and its counsel are warranted under both section 57.105 and Rule 9.410.

I.    FACTUAL AND PROCEDURAL HISTORY

This appeal arises from a construction project of a nursing and rehabilitation center in Coral Gables (the "Project"). DooleyMack Constructors of South Florida, LLC ("DooleyMack"), was the general contractor for the Project. The Project's owner and developer was Victoria Management, LLC ("Victoria"). On November 13, 2007, Safeco issued payment and performance bonds naming DooleyMack as principal and Victoria as an obligee.

On May 22, 2009, DooleyMack entered into a subcontract with Aspen (the "Subcontract") to construct and install the HVAC components for the Project. At the conclusion of Aspen's work, Aspen was owed a balance on the Subcontract. On January 23, 2012, Aspen served DooleyMack and Safeco with its notice of bond claim in accordance with the terms of the Subcontract and payment bond.

Safeco filed suit against Aspen on June 22, 2012, in the United States District Court for the Southern District of Florida (the "Federal Litigation").

2

Safeco sought, *inter alia*, indemnity for any claims arising out of the Department of Labor's ("DOL") assessments against Aspen and its subcontractors for alleged wage violations. Aspen brought a counterclaim, asserting a claim on the payment bond, as well as a third-party complaint against DooleyMack. Safeco, Aspen, and DooleyMack thereafter entered into a Tolling Agreement in which Safeco agreed to dismiss the Federal Litigation without prejudice, and the parties agreed that the statute of limitations for any claims arising out of the Subcontract, the bond, and/or the Project would be tolled until October 1, 2013. The parties subsequently executed an Agreement Extending Tolling Agreement and a Second Agreement Extending Tolling Agreement (the "Tolling Agreement") to extend the deadline through January 15, 2014. The Tolling Agreement contains a forum selection clause providing:

> 5) The Parties further agree that should any further litigation be filed by Aspen against DooleyMack, and/or Safeco or by DooleyMack and/or Safeco against Aspen, arising out of or related to the Subcontract, the Bond or the Project, said litigation shall be filed in the United States District Court for the Southern District of Florida.

On January 14, 2014, Aspen filed suit against Safeco and DooleyMack in the Circuit Court for Miami-Dade County, alleging that Safeco and DooleyMack breached the bond and Subcontract in failing to pay Aspen for its work. Safeco moved to dismiss Aspen's Complaint, and later its Amended Complaint for improper venue. In response, Aspen contended that venue was proper in state court due to an already existing case in

3

the Circuit Court for Miami-Dade County regarding the Project (the "Parallel Action"). In the Parallel Action, Victoria had filed suit against Safeco and DooleyMack in October 2013 for alleged Project construction defects. Victoria, however, did not name Aspen as a defendant, nor did Aspen attempt to intervene.

On May 27, 2014, the trial court held a hearing on Safeco's Motion to Dismiss Aspen's Amended Complaint for improper venue based on the forum selection clause in the parties' Tolling Agreement. On June 1, 2014, the trial court entered an order dismissing Aspen's Amended Complaint, finding that the forum selection clause required Aspen to file the action in federal court. Aspen filed its notice of appeal on June 30, 2014, and on February 18, 2015, we affirmed the trial court's dismissal of Aspen's Amended Complaint. Aspen Air Conditioning, Inc. v. Safeco Ins. Co. of Am., No. 3D14-1592, 2015 WL 691642 (Fla. 3d DCA Feb. 18, 2015) (table).

In Section III of its Initial Brief, Aspen asserted that Safeco's counsel made misleading statements to the trial court at the hearing on the Motion to Dismiss.[1] Specifically, Aspen alleged that the statements of Safeco's counsel, Alberta Campbell ("Campbell"), misled the trial court about the substance and status of the "Parallel Action."[2] According to Aspen, Campbell downplayed the HVAC defects

_____

[1] Prior to filing its Initial Brief, Aspen made a similar argument before this Court in its Motion to Relinquish Jurisdiction, which this Court denied. In its Opposition to Aspen's Motion to Relinquish Jurisdiction, Safeco provided documentary evidence illustrating that each of the statements made by Safeco's counsel were, in fact, supported by then-existing communications and documents.

4

at issue in the Parallel Action, misrepresented to the trial court that the Parallel Action was close to resolution, and mischaracterized Aspen's involvement in the issues raised in the Parallel Action. The relevant statements made by Safeco's counsel, Campbell, at the hearing on the Motion to Dismiss are as follows:

> THE COURT:    Let me ask this. This case that was filed in state court, Victoria Management, LLC v. Safeco Insurance, et al., what's the subject matter of that case?
>
> MS. CAMPBELL: Sure. That case involves two different issues. The largest is the flooring. What they're alleging is really the bathrooms—they're alleging that the shower pan liners that were put in these ADA showers—so if you can imagine, it's one of those big, open bathrooms, like you'd see in a hospital. This is a fully staffed— full-time nursing facility for elderly people.
>
> You roll the wheelchair in, and you've got the toilet right there . . . . That has nothing to do with Aspen. That has to do with Aspen's work. That's another two other contractors called Flooring World and Everlast, who are parties to that suit with Victoria Management.
>
> Victoria had alleged in that lawsuit a small issue with the HVAC, that there were negative pressure issues throughout the building, but they had not complied with the 558 process—that's

---

[2] Specifically, in Section III of its Initial Brief, Aspen argued:

> At the May 27, 2014 hearing on SAFECO's Motion to Dismiss, counsel for SAFECO made misleading statements about the status and substance of the Parallel Action, to induce the trial court to grant its motion. As noted in the proposed Motion to Vacate attached to ASPEN's Motion to Relinquish Jurisdiction, SAFECO's attorney advised the trial court that the HVAC defects alleged in the Parallel Action were minor, and further claimed that the entire case was close to resolution . . . .
>
> The statements made by SAFECO's attorney may have been motivated by zealous advocacy, but they were also false when made. SAFECO's counsel knew or should have known that the statements would be misleading. The trial court was left with an incorrect impression regarding the significance of ASPEN's work in the Parallel Action, and the commonality of both facts and issues in the two cases.

provided under the Florida Statutes—which says, [b]efore you can run out as an owner and sue the contractor and the surety for a construction defect, you have to give us a chance to investigate and try to fix it.

And so we argued to the judge there that they had to do that, and the judge agreed with us. And so all the portion of that case that relates to Aspen's work has been stayed, and we're going through the 558 process. We agreed with Victoria to hire an independent guy to go out and test the system that Aspen had installed.

And that the process has been completed, and he thinks that it can be fixed by doing an adjustment of the controls—I'm probably telling you more than you want to know—but we've sent an offer to Victoria to pay for that, and I'm supposed to get a response back from them this week.

If I'm able to work that out with Victoria, there will be no issue in that lawsuit that involves Aspen whatsoever.

THE COURT:    Okay.

After complying with the relevant safe harbor requirements of section 57.105 and Rule 9.140, on December 18, 2014, Safeco filed a Motion for Sanctions with our Court after Aspen declined to withdraw Section III of its Initial Brief.

On March 23, 2015, Aspen filed its response to Safeco's Motion for Sanctions, arguing that sanctions are not appropriate when a party's actions have a good faith basis and that it "merely pointed out in good faith" Aspen's claim regarding Campbell's arguments to the trial court, and that Aspen's "arguments are supported by the facts." For the reasons discussed below, we find Aspen's arguments without merit.

6

II.    ANALYSIS

Section 57.105(1)(b) provides for sanctions when the application of then-existing law to material facts does not support a claim or defense,[3] and Rule 9.410(a), (b)(1), provides for sanctions for the filing of any brief that is deemed to be frivolous.[4]  On appeal, both section 57.105 and Rule 9.410 provide a basis for

---

[3] Section 57.105(1) provides:

> (1) Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
>
> (a) Was not supported by the material facts necessary to establish the claim or defense; or
>
> (b) Would not be supported by the application of then-existing law to those material facts.

[4] Rule 9.410(a), (b)(1), provides:

> **(a) Court's Motion.** After 10 days' notice, on its own motion, the court may impose sanctions for any violation of these rules, or for the filing of any proceeding, motion, brief, or other paper that is frivolous or in bad faith. Such sanctions may include reprimand, contempt, striking of briefs or pleadings, dismissal of proceedings, costs, attorneys' fees, or other sanctions.
> **(b) Motion by a Party.**
> (1) *Applicability.*    Any contrary requirements in these rules notwithstanding, the following procedures apply to a party seeking an award of attorneys' fees as a sanction against another party or its

attorney's fees as a sanction.  See, e.g., Visoly v. Sec. Pac. Credit Corp., 768 So.

2d 482, 490 (Fla. 3d DCA 2000) ("In Florida, appellate attorney's fees may be

assessed against a party and their counsel for filing a frivolous appeal pursuant to

[section 57.105] and [Rule 9.410].").  As we previously stated,

> An appeal is defined as frivolous if it presents no justiciable question and is so devoid of merit on the face of the record that there is little prospect it will ever succeed.
> We recognize that to some extent, the definition of "frivolous" is incapable of precise determination.  Nevertheless, a review of Florida caselaw reveals there are established guidelines for determining when an action is frivolous. These include where a case is found: (a) to be completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; (b) to be contradicted by overwhelming evidence; (c) as having been undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or [(d)] as asserting material factual statements that are false.

Id. at 490-91 (citations and footnote omitted).  Because we conclude that Section

III of Aspen's Initial Brief is frivolous when analyzed under these established

guidelines, we impose attorney's fees as sanctions.  Cf. Morton v. Heathcock, 913

So. 2d 662, 668 (Fla. 3d DCA 2005) ("It has long been recognized that use of the

word 'shall' in section 57.105, 'evidences the legislative intention to impose a

mandatory penalty in the form of a reasonable attorney's fee . . . .'" (quoting

Wright v. Acierno, 437 So. 2d 242, 244 (Fla. 5th DCA 1983))).

Here, Campbell's statements to the trial court were supported by

documentation and correspondence between the parties in the Parallel Action, and

---

counsel pursuant to general law.

8

both Safeco's Opposition to Aspen's Motion to Relinquish Jurisdiction and its Motion for Attorney's Fees contained documents establishing the veracity of Campbell's statements regarding the Parallel Action with Victoria. These documents, therefore, establish that Aspen's claims in Section III of its Initial Brief were without factual or legal support.[5]

Significantly, in a letter dated September 15, 2014, Safeco informed Aspen's counsel of the baseless accusations before Aspen filed its Motion to Relinquish Jurisdiction.[6] At the least, Aspen's counsel knew or should have known from the documents Safeco attached to its Opposition to Aspen's Motion to Relinquish Jurisdiction that Aspen did not have a factual basis for its misrepresentation claims made in its Initial Brief. Yet, Aspen and its counsel subsequently decided to include the false allegations made in Section III despite the documents establishing that the allegations were baseless. The unambiguous terms of both Rule 9.410 and section 57.105 are in place to protect Safeco and its attorneys from such action.

---

[5] For example, correspondence exchanged between Safeco and Victoria reveal that Victoria accepted—subject to certain provisions—Safeco's offer to have the building's HVAC system tested and potentially balanced, if needed. Thus, in direct contradiction to Aspen's assertions in its Initial Brief, Safeco's counsel could not have known at the time of the hearing on its Motion to Dismiss that Victoria would *later* reject the offer to balance the HVAC system. Similarly, the correspondence between Campbell and Victoria establish that Campbell's statements made at the hearing on the status of negotiations between Safeco and Victoria were completely accurate based on the information Safeco and Campbell had at the time.

[6] Prior to filing its Motion to Relinquish Jurisdiction in this Court, Aspen sent a copy of the motion to Safeco for review.

See Martin Cnty. Conservation Alliance v. Martin Cnty., 73 So. 3d 856, 858-59 (Fla. 1st DCA 2011).

Moreover, we find Aspen's assertion that it made the statements in good faith to be without merit, as Aspen relies primarily on documents exchanged with Safeco and Campbell dated *after* the hearing on Safeco's Motion to Dismiss in making this argument. These documents were not in existence at the time of the hearing, and our review is limited to the record made before the trial court. Konoski v. Shekarkhar, 146 So. 3d 89, 90 (Fla. 3d DCA 2014); Altchiler v. State, Dep't of Prof'l Regulation, 442 So. 2d 349, 350 (Fla. 1st DCA 1983). Accordingly, we are compelled to grant Safeco's Motion for Attorney's Fees as a sanction against Aspen and its counsel.

III.    CONCLUSION

Because we conclude that Safeco's counsel did not make any misrepresentation to the trial court but accurately relayed the facts and status of the Parallel Action involving Victoria that she knew at the time of the hearing on Safeco's Motion to Dismiss, we find that Section III of Aspen's Initial Brief is wholly without factual or legal basis. Accordingly, we award a reasonable attorney's fee, including pre-judgment interest, to be paid to Safeco in accordance with section 57.105(1) and Rule 9.410, and remand to the trial court.

Motion granted; remanded with instructions.