# Third District Court of Appeal

## State of Florida

Opinion filed September 2, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-9
Lower Tribunal No. 04-17806
_____

## Jacques Aghion,
Appellant,

vs.

## Franco Investments, LLC,
Appellee.

An appeal from the Circuit Court for Miami-Dade County, John W. Thornton, Judge.

The DuBosar Law Group, and Howard D. DuBosar and Robert C. Sheres, for appellant.

Zarco Einhorn Salkowski & Brito, and Robert Zarco, Alejandro Brito, and Gabriel Estadella, for appellee.

Before SUAREZ, C.J., and ROTHENBERG and EMAS, JJ.

SUAREZ, C.J.

Appellee, Franco Investments, LLC, seeks an award of attorney's fees pursuant to Florida Rule of Appellate Procedure 9.410 and section 57.105(1),

Florida Statutes (2014), incurred defending against the Appellant's, Jacques Aghion's, allegedly frivolous appeal from the trial court's order. Because we find that Aghion's appeal was frivolous as taken in disregard of the law of the case below, sanctions against Aghion and his counsel are warranted under both section 57.105 and Rule 9.410. Aghion filed this appeal after the Court had already denied his motion to enforce the mandate in Corkidi v. Franco Investments, LLC, 40 Fla. L. Weekly D755 (Fla. 3d DCA Mar. 25, 2015), and issues raised in this appeal had earlier been decided adversely to Aghion in the original appeal, Corkidi v. Franco Investments, LLC, 100 So. 3d 91, 92 (Fla. 3d DCA 2012). Aghion subsequently filed motions for rehearing and certification with respect to the mandate order. On June 17, 2015, this Court denied the motions, with concurrence by Judge Shepherd that bears repeating.[1]

---

[1] SHEPHERD, J., concurring.

> I concur in the denial of Jacques Aghion's motion for rehearing from this court's opinion issued March 25, 2015, for the reasons set forth in my dissent in an earlier opinion of this Court, issued July 18, 2012. Final Judgment was entered against Mr. Aghion on June 18, 2010, some five years ago. The filings by his counsel in this Court alone now exceed the number of pages contained in the Affordable Care Act, 42 U.S.C.A. §§ 18001, et seq. If necessary to end this saga, the trial court should re-issue the Final Judgment against Mr. Aghion forthwith. Enough is enough.

Corkidi v. Franco Invs., LLC, 40 Fla. L. Weekly D1425, D1426 (Fla. 3d DCA June 17, 2015).

Section 57.105(1)(b) provides for sanctions when the application of then-existing law to material facts does not support a claim or defense and Rule 9.410(a), (b)(1), provides for sanctions for the filing of any brief that is deemed to be frivolous. On appeal, both section 57.105 and Rule 9.410 provide a basis for attorney's fees as a sanction. See, e.g., Visoly v. Sec. Pac. Credit Corp., 768 So. 2d 482, 490 (Fla. 3d DCA 2000). The present appeal is governed, and clearly precluded, by the law of the case. We therefore grant Franco Investments, LLC's motion for reasonable attorney's fees pursuant to section 57.105(1)(b) and Rule 9.410, and remand to the trial court for the sole purpose of determining the amount of appellate attorney's fees, which we award against Appellant Aghion and his counsel jointly and severally. See Aspen Air Conditioning, Inc. v. Safeco Ins. Co. of Am., 40 Fla. L. Weekly D1701 (Fla. 3d DCA July 22, 2015); JPMorgan Chase Bank, N.A. v. Hernandez, 99 So. 3d 508 (Fla. 3d DCA 2011).

Motion granted, remanded with instructions.